CHARLES E. NELSON AND NANCY W. NELSON v. BATTLE FOREST FRIENDS MEETING, AN UNINCORPORATED ASSOCIATION, AND STEVE WOOD

No. 87A93

(Filed 5 November 1993)

**Railroads § 13 (NCI4th) — abandoned railroad easement — road right-of-way within easement — easement does not adjoin right-of-way — title to property between railroad and right-of-way**

Where the right-of-way for a public road was entirely within an abandoned railroad easement, the abandoned railroad easement did not "adjoin" the public road right-of-way within the meaning of the second sentence of N.C.G.S. § 1-44.2(a) so that the statute does not apply to vest title to a 30-foot strip of land between the center of the railroad tracks and the edge of the public road right-of-way in defendant church as adjacent property owner.

**Am Jur 2d, Railroads §§ 82-86.**

**What constitutes abandonment of a railroad right of way. 95 ALR2d 468.**

Justice MEYER dissenting.

Chief Justice EXUM and Justice WHICHARD join in this dissenting opinion.

On appeal by the defendants pursuant to N.C.G.S. § 7A-30(2) and on discretionary review pursuant to N.C.G.S. § 7A-31(c) from the decision of a divided panel of the Court of Appeals, 108 N.C. App. 641, 425 S.E.2d 4 (1993), reversing a judgment entered by Allen (W. Steven), J., on 24 January 1991 in Superior Court, Guilford County. Heard in the Supreme Court 15 September 1993.

NELSON v. BATTLE FOREST FRIENDS MEETING

[335 N.C. 133 (1993)]

The dispute in this case involves a tract of land in Greensboro. The plaintiffs own a tract which they say extends to the center of what was an easement owned by the Southern Railway. The defendants contend the plaintiffs' tract extends only through the right-of-way of a public road.

The plaintiffs brought this action for trespass and to quiet title to the tract. Each side made a motion for summary judgment. The papers filed in support and in opposition to the motions showed that the following matters are not in dispute. The plaintiffs and defendant Battle Forest Friends Meeting own adjoining tracts of land. The record titles show that the property line of each party runs along the centerline of a track of the Southern Railway. The Southern Railway had an easement for the track that extended one hundred feet on each side from the center of the track onto the property of the parties. Old Battleground Road ran parallel and approximately thirty feet from the track. The right-of-way for the road was entirely within the railway easement. The following diagram depicts the interests of the parties.

NELSON PROPERTY

CHURCH PROPERTY

**NELSON v. BATTLE FOREST FRIENDS MEETING**

[335 N.C. 133 (1993)]

Southern Railway removed the tracks in 1981 and abandoned the easement shortly thereafter.

The superior court denied the defendants' motion for summary judgment and allowed the plaintiffs' motion for summary judgment. The Court of Appeals reversed and remanded the case for the determination by the superior court of a constitutional question. The plaintiffs appealed based on a dissent in the Court of Appeals. We allowed discretionary review as to issues other than those raised in the dissent.

*Fuller, Becton, Billings & Slifkin, P.A., by Steven B. Epstein and Charles L. Becton, for plaintiff-appellants.*

*Elrod & Lawing, P.A., by Frederick K. Sharpless and Stephanie T. Farabow, for defendant-appellees.*

*Michael F. Easley, Attorney General, by James C. Gulick, Special Deputy Attorney General, Amicus Curiae.*

WEBB, Justice.

All parties agree that, except for the constitutional question, this case is to be resolved by the interpretation of N.C.G.S. § 1-44.2 which provides in part as follows:

(a) Whenever a railroad abandons a railroad easement, all right, title and interest in the strip, piece or parcel of land constituting the abandoned easement shall be presumed to be vested in those persons, firms or corporations owning lots or parcels of land adjacent to the abandoned easement, with the presumptive ownership of each adjacent landowner extending to the centerline of the abandoned easement. In cases where the railroad easement *adjoins* a public road right-of-way, the adjacent property owner's right, title and interest in the abandoned railroad easement shall extend to the nearest edge of the public road right-of-way. . . .

(b) Persons claiming ownership contrary to the presumption established in this section shall have a period of one year from the date of enactment of this statute or the abandonment of such easement, whichever later occurs, in which to bring any action to establish their ownership. The presumption

established by this section is rebuttable by showing that a party has good and valid title to the land.

N.C.G.S. § 1-44.2 (Supp. 1992) (emphasis added).

The part of the section crucial to the resolution of this case is the second sentence of subsection (a) which provides that a property owner's line will be along the edge of a public road right-of-way if the public road right-of-way "adjoins" the abandoned railroad easement. The resolution of this case turns on the meaning of the word "adjoin."

The defendants contend the abandoned railroad easement adjoined the public road right-of-way although the right-of-way was entirely within the easement. They say first that the legislative purpose was to avoid ownership of small strips of land that are of no benefit to the owners and to maximize the access of landowners to public roads. The defendants say this legislative purpose will be accomplished if we hold that the abandoned railroad easement adjoined the public road right-of-way. The defendants say that if we hold the easement did not adjoin the right-of-way, it will render the second sentence of the section virtually meaningless because there will be very few cases in which an easement and a right-of-way will be perfectly contiguous.

We hold that the public road right-of-way did not adjoin the abandoned railroad easement and the second sentence of N.C.G.S. § 1-44.2(a) does not apply in this case. In interpreting a statute, it is presumed the General Assembly intended the words it used to have the meaning they have in ordinary speech. *Transportation Service v. County of Robeson*, 283 N.C. 494, 500, 196 S.E.2d 770, 774 (1973). When the plain meaning of a statute is unambiguous, a court should go no further in interpreting the statute. *State v. Camp*, 286 N.C. 148, 151-152, 209 S.E.2d 754, 756 (1974).

We believe the definition of "adjoin," as found in several dictionaries, shows that the public road right-of-way did not adjoin the railroad easement. The following are illustrations:

**adjoin** . . . 1. to be close to or in contact with;

*The Random House Dictionary of the English Language* 25 (2d ed. 1987).

**adjoin** . . . to join on; to lie next to . . . .

*Chambers English Dictionary* 16 (1988).

NELSON v. BATTLE FOREST FRIENDS MEETING

[335 N.C. 133 (1993)]

adjoin . . . 4. To join; to come into union or contact.

*The Oxford English Dictionary* 156 (2d ed. 1989).

Adjoining. The word in its etymological sense means touching or contiguous, as distinguished from lying near to or adjacent. To be in contact with; to abut upon[.]

*Deluxe Black's Law Dictionary* 41 (6th ed. 1990).

Black's Law Dictionary defines contiguous as:

In close proximity; neighboring; adjoining; near in succession; in actual close contact; touching at a point or along a boundary; bounded or traversed by[.]

*Deluxe Black's Law Dictionary* 320 (6th ed. 1990).

We believe that the definition of "adjoin" does not include a tract which, as in this case, is included within the bounds of another tract. To adjoin, a tract must be "close to or in contact," "next to" or "touching." None of the definitions include a tract that is encompassed within another tract. We hold that the plain meaning of the statute in this case excludes the plaintiffs' land from coverage by the statute.

If we were to hold that the public road right-of-way adjoined the railroad easement we would face the question of whether N.C.G.S. § 1-44.2, which divests persons of their property, is unconstitutional. *See McDonald's Corp. v. Dwyer*, 111 N.C. App. 127, 432 S.E.2d 165 (1993). In interpreting a statute if "one of two reasonable constructions will raise a serious constitutional question, the construction which avoids this question should be adopted." *In re Arthur*, 291 N.C. 640, 642, 231 S.E.2d 614, 616 (1977). The defendants say that this maxim does not apply in this case because the constitutional question will not be avoided but merely postponed until a case arises in which a public road right-of-way adjoins an abandoned railroad easement. We shall avoid the constitutional question in this case and decide it when it is properly before us.

For the reasons stated in this opinion, we reverse the Court of Appeals.

REVERSED.

NELSON v. BATTLE FOREST FRIENDS MEETING

[335 N.C. 133 (1993)]

Justice MEYER dissenting.

I dissent.

The presumption set forth in the pertinent statute is that

> [w]henever a railroad abandons a railroad easement, all right, title and interest in the strip, piece or parcel of land constituting the abandoned easement shall be presumed to be vested in those persons, firms or corporations owning lots or parcels of land adjacent to the abandoned easement, with the presumptive ownership of each adjacent landowner extending to the centerline of the abandoned easement. *In cases where the railroad easement adjoins a public road right-of-way, the adjacent property owner's right, title and interest in the abandoned railroad easement shall extend to the nearest edge of the public road right-of-way.*

N.C.G.S. § 1-44.2(a), para. 1 (Supp. 1992) (emphasis added).

The application of the presumption in the case at bar is dependent upon the meaning to be given the word "adjoin." I conclude that Judge Greene, who wrote for the majority on the panel below, correctly interpreted N.C.G.S. § 1-44.2(a) as follows:

> In applying statutes we must presume that the legislature intended that the words used in statutes be given the meaning they have in ordinary speech. *LaFayette Transp. Serv., Inc. v. County of Robeson*, 283 N.C. 494, 500, 196 S.E.2d 770, 774 (1973). Courts use the dictionary to determine the ordinary meaning of words. *State v. Martin*, 7 N.C. App. 532, 533, 173 S.E.2d 47, 48 (1970). Objects "adjoin" when they are "close to or in contact with one another." *Webster's New Collegiate Dictionary* 56 (9th ed. 1984). Therefore, the word "adjoin," as used in the second sentence of N.C.G.S. § 1-44.2(a), applies whenever the abandoned easement touches a public road right-of-way, whether within the abandoned easement or at its boundary.

> Because the OB Road right-of-way is located within the abandoned easement, they adjoin, and the exception in the second sentence of N.C.G.S. § 1-44.2(a) applies. Title to the disputed strip therefore is vested in the Church as adjacent property owner. Accordingly, summary judgment in favor of Nelson was error.

NELSON v. BATTLE FOREST FRIENDS MEETING

[335 N.C. 133 (1993)]

*Nelson v. Battle Forest Friends Meeting*, 108 N.C. App. 641, 646, 425 S.E.2d 4, 7 (1993).

The dictionary definitions cited by the majority demonstrate the various shades of meaning that the word embraces, and reasonable minds could read them to support a different result. I believe that the Court of Appeals' interpretation of the word "adjoin" carries out the intention of the legislature.

As this Court has stated many times, the cardinal principle of statutory construction is that the intent of the legislature is controlling. *State v. Fulcher*, 294 N.C. 503, 243 S.E.2d 338 (1978). "Where possible, statutes should be given a construction which, when practically applied, will tend to suppress the evil which the Legislature intended to prevent." *In re Hardy*, 294 N.C. 90, 96, 240 S.E.2d 367, 372 (1978). It is my view that the "evil" that the sentence of the statute emphasized above is designed to prevent is the loss of access to a public road enjoyed by owners of land lying adjacent to the railroad easement prior to its abandonment. The legislature was no doubt aware that, over the course of the many miles of railways in this state, many landowners can gain access to a public roadway only by crossing over a railroad easement. This circumstance is true whether the roadway traces the edge of the railway easement, is partially contained within it, or is completely contained within it. Under the Court of Appeals' interpretation of the statute, a landowner in such a position will, upon abandonment of the easement, be presumed to own the land over which it is necessary for him to cross to gain access to the roadway.

It is my view that the majority's interpretation of the word "adjoin" severely and unnecessarily limits the purpose of the presumption and is contrary to the intent of the legislature. "A construction which will defeat or impair the object of the statute must be avoided if that can reasonably be done without violence to the legislative language." *In re Hardy*, 240 N.C. at 96, 240 S.E.2d at 372. I do not believe that the construction adopted by the Court of Appeals does violence to the language of the statute, and I would hold that the second sentence of the statute applies in this case.

The Court of Appeals' majority remanded this case to the trial court for consideration of the question of the constitutionality of the statute in question. The majority of this Court, however,

declines to interpret the statute as did the Court of Appeals so as to avoid the constitutional question that such interpretation presents. It is true that "[w]here one of two reasonable constructions will raise a serious constitutional question, the construction which avoids this question should be adopted." *In re Arthur*, 291 N.C. 640, 642, 231 S.E.2d 614, 616 (1977) (quoted by the majority). It is nonetheless also true that "[i]n matters of statutory construction, our primary task is to ensure that the purpose of the legislature, the legislative intent, is accomplished." *Electric Supply Co. v. Swain Electric Co.*, 328 N.C. 651, 656, 403 S.E.2d 291, 294 (1991). In addition, the Court is " 'not at liberty to give a statute a construction at variance with [the legislature's] intent, even though such construction appears to us to make the statute more desirable and free it from constitutional difficulties.' " *Delconte v. North Carolina*, 313 N.C. 384, 402, 329 S.E.2d 636, 648 (1985) (alteration in original) (quoting *State v. Fulcher*, 294 N.C. 503, 520, 243 S.E.2d 338, 350 (1978) ).

I believe that this Court's interpretation of the statute circumvents the intent of the legislature and that such interpretation should not be chosen for the purpose of avoiding a constitutional question. I vote to affirm the Court of Appeals.

Chief Justice Exum and Justice Whichard join in this dissenting opinion.