IN THE MATTER OF: B.C.D.

No. COA05-1123

(Filed 16 May 2006)

**1. Juveniles— unlawfully and willfully threatening an individual based on race—motion to dismiss—sufficiency of evidence—threat to assault**

The trial court did not err by denying a juvenile's motion to dismiss the charge of unlawfully and willfully threatening an individual based on her race in violation of the Ethnic Intimidation Statute under N.C.G.S. § 14-401.14 even though the juvenile contends there was insufficient evidence that the juvenile threatened to assault or damage the property of an African-American assistant principal, because: (1) a threat constitutes an expressed intent to harm at some point in the future; and (2) the pertinent email, by its own terms, plainly and directly communicated an intent to inflict harm to the assistant principal when it was sent to an African-American person and was signed "KKK," and promised that persons would show up at her doorstep unless she refrained from suspending students who use the derogatory term for African-Americans.

IN RE B.C.D.

[177 N.C. App. 555 (2006)]

**2. Juveniles— unlawfully and willfully threatening an individual based on race—motion to dismiss—sufficiency of evidence—racially motivated purpose**

The trial court did not err by denying a juvenile's motion to dismiss the charge of unlawfully and willfully threatening an individual based on her race in violation of the Ethnic Intimidation Statute under N.C.G.S. § 14-401.14 even though the juvenile contends there was insufficient evidence that the juvenile sent an email to an African-American assistant principal for a racially motivated purpose, because: (1) the juvenile testified that he sent the email in protest of the assistant principal's treatment against him as compared with others who were African-American; and (2) the email contained a racial epithet and stated that the KKK would retaliate against her if she suspended another student who uses the derogatory term for African-Americans.

Appeal by respondent-juvenile from an adjudication order entered 8 April 2005 by Judge Michael G. Knox in Cabarrus County District Court. Heard in the Court of Appeals 28 March 2006.

*Attorney General Roy Cooper, by Assistant Attorney General Letitia C. Echols, for the State.*

*George Wiseman* for *juvenile-respondent.*

LEVINSON, Judge.

Respondent (B.C.D.) appeals from a juvenile adjudication order adjudging him to be delinquent for violating North Carolina's Ethnic Intimidation Statute. We affirm.

The pertinent facts may be summarized as follows: On 2 August 2004, Tasha Hall, an African-American Assistant Principal at Central Cabarrus High School, checked her electronic mail box and found a message which stated, in pertinent part, that:

You are nothing but a filthy n[——] and you need to be fired. If you ever suspend somebody for saying the verbal phrase "n[——]" the KKK will show up on your door step! This is a promise not a threat. So what are you going to do about it b[——]? Not a damn thing but follow my instructions!!!!!!! Bye, you stupid a[—] p[iece] of s[—], greasy a[—] stinky f[——] N[——]! KKK

Hall alerted the school principal of her receipt of the e-mail, and requested a transfer from the Superintendent of Cabarrus County

Schools due to safety concerns. In court, Hall testified that, as an African-American, she feared that physical harm would come to herself, her family or her property. Custodians escorted Hall to her car in the evenings. Hall stopped bringing her children to after-school games or events, and she remained especially cautious of her surroundings in the parking lot, ensuring that she parked within view of security cameras.

With the help of the Federal Bureau of Investigation, school officials traced the subject e-mail to the account of the respondent's grandmother. Hall previously suspended respondent for using racial slurs, including the word "n[——]", towards other students on the school bus.

The respondent testified that he sent the e-mail from his grandparents' computer in June 2004, but delayed its delivery until 31 July 2004. When questioned about the e-mail, respondent told his family that the e-mail was sent as a "joke" to protest a prior disciplinary action by Hall. Respondent argued that while he and his white friend were suspended for using racial epithets on the school bus, the two black girls with whom they were arguing were not. Respondent further testified that the e-mail was not intended to scare Hall, and that racial animus was not the motivation for the e-mail. Rather, according to respondent, Hall was simply the school administrator who suspended the respondent, and Hall happened to be African-American.

The trial court concluded that respondent unlawfully and willfully threatened Hall because of her race in violation of N.C. Gen. Stat. § 14-401.14, and subsequently imposed probation under the supervision of the court counselor for six months. Respondent now appeals, contending the trial court erred by denying his motion to dismiss at the close of all the evidence because there was insufficient evidence that (1) he threatened to assault or damage the property of Hall, and (2) he sent the subject e-mail to Hall because of her race.

[1] We first address respondent's argument that there was insufficient evidence that he threatened to assault or damage the property of Tasha Hall. We disagree.

When ruling on a motion to dismiss, "the trial court must determine only whether there is substantial evidence of each essential element of the offense charged and of the defendant being the perpetrator of the offense." *State v. Crawford*, 344 N.C. 65, 73, 472 S.E.2d 920, 925 (1996).

Evidence is substantial if it is relevant and adequate to convince a reasonable mind to accept a conclusion. In considering a motion to dismiss, the trial court must analyze the evidence in the light most favorable to the State and give the State the benefit of every reasonable inference from the evidence. The trial court must also resolve any contradictions in the evidence in the State's favor. The trial court does not weigh the evidence, consider evidence unfavorable to the State, or determine any witness' credibility.

*State v. Robinson,* 355 N.C. 320, 336, 561 S.E.2d 245, 255-56 (2002) (internal citations and quotation marks omitted). " '[T]he rule for determining the sufficiency of evidence is the same whether the evidence is completely circumstantial, completely direct, or both.' " *State v. Crouse,* 169 N.C. App. 382, 389, 610 S.E.2d 454, 459 (2005) (quoting *State v. Wright,* 302 N.C. 122, 126, 273 S.E.2d 699, 703 (1981)).

North Carolina's Ethnic Intimidation Statute, codified at N.C. Gen. Stat. § 14-401.14 (2005), provides, in pertinent part, that:

(a) If a person shall, because of race, color, religion, nationality, or country of origin, assault another person, or damage or deface the property of another person, or threaten to do any such act, he shall be guilty of a Class 1 misdemeanor.

The instant case requires us to construe this statute. "Statutory interpretation properly begins with an examination of the plain words of the statute." *Correll v. Division of Social Services,* 332 N.C. 141, 144, 418 S.E.2d 232, 235 (1992). In interpreting statutory language, "it is presumed the General Assembly intended the words it used to have the meaning they have in ordinary speech[.]" *Nelson v. Battle Forest Friends Meeting,* 335 N.C. 133, 136, 436 S.E.2d 122, 124 (1993). When the plain meaning is unambiguous, a court should go no further in interpreting the statute than its ordinary meaning. *Id.*

By its terms, G.S. § 14-401.14 proscribes personal assaults, damaging or defacing property, or threatening to do either, because of an individual's race, color, religion, nationality or country of origin. The offense of assault has no statutorily prescribed definition. However, an assault is defined at common law as either "a show of violence causing a reasonable apprehension of immediate bodily harm[]" or "an intentional offer or attempt by force or violence to do injury to the person of another." *State v. Thompson,* 27 N.C. App. 576, 577, 219

**IN RE B.C.D.**

[177 N.C. App. 555 (2006)]

S.E.2d 566, 567-68 (1975). In ordinary usage, a threat is defined as "[a] communicated intent to inflict harm or loss on another or another's property," Black's Law Dictionary 1519 (8th Ed. 2004), or "[a]n indication of an impending danger or harm[,]" Webster's II New College Dictionary 1176 (3rd Ed. 2005). Thus, a threat constitutes an expressed intent to harm at some point in the future. Accordingly, the respondent could be adjudged delinquent for a violation of G.S. § 14-401.14 if he communicated an intent to inflict bodily harm on Hall or to damage her property at some point in the future.

The subject e-mail, by its own terms, plainly and directly communicated an intent to inflict harm to Hall. The e-mail was sent to an African-American person and was signed "KKK", and promised that persons would "show up on [Hall's] door step" unless she refrained from suspending students who use the term "n[——]." Consequently, because there was sufficient evidence that the respondent threatened to assault Hall in violation of G.S. § 14-401.14, this assignment of error is overruled.

[2] We next address respondent's argument that there was insufficient evidence that the e-mail was sent for a racially motivated purpose. This argument is without merit.

Respondent testified that he sent the e-mail to Hall in protest of her alleged differing treatment against him as compared with others who were African-American. The email contained the racial epithet, "filthy n[——]", and stated that the KKK would retaliate against Hall if she suspended another student who uses the term, "n[——]." Based upon all the evidence of record, we conclude the State presented substantial evidence that respondent sent the e-mail to Hall for racially motivated reasons.

This assignment of error is overruled.

Affirmed.

Judges WYNN and ELMORE concur.