**STATE v. LOWERY**

[228 N.C. App. 229 (2013)]

STATE OF NORTH CAROLINA
v.
WILLIAM CURTIS LOWERY

No. COA12-1129

Filed 2 July 2013

1. **Assault—by strangulation—evidence sufficient**

    There was sufficient evidence to permit a reasonable juror to find defendant guilty of assault inflicting physical injury by strangulation where defendant conceded strangulation but contended that the State failed to show that the strangulation caused the injuries rather than the other forms of battery inflicted on the victim. The victim's testimony, testimony from a physician's assistant who treated the victim in the emergency room and who was accepted as an expert, and photographs of the victim's injuries provided sufficient evidence to determine that strangulation caused the victim's injuries.

2. **Assault—by strangulation—elements—extensive injury not required**

    N.C.G.S. § 14-32.4(b) (assault by strangulation) does not require proof of physical injury beyond what is inherently caused by every act of strangulation. The elements of the offense are an assault inflicting physical injury by strangulation; the General Assembly is presumed to have intended its words to have their ordinary meaning. Requiring extensive physical injuries would frustrate the purpose of the General Assembly.

    Appeal by defendant from judgment entered 15 February 2012 by Judge Richard L. Doughton in Forsyth County Superior Court. Heard in the Court of Appeals 27 March 2013.

    *Attorney General Roy A. Cooper, III, by Assistant Attorney General Tammy A. Bouchelle, for the State.*

    *Glover & Peterson, P.A., by James R. Glover, for defendant-appellant.*

BRYANT, Judge.

    Where there was sufficient evidence to allow a reasonable juror to find Defendant guilty of assault inflicting physical injury by strangulation,

we hold the trial court did not err in failing to grant Defendant's motion to dismiss.

On 12 September 2011, defendant was indicted on charges of assault by strangulation, assault on a female, habitual misdemeanor assault, and attaining habitual felon status. The matters came on for trial on 13 February 2012 during the Criminal Session of Forsyth County Superior Court, the Honorable Richard L. Doughton, Judge presiding.

The State's evidence tended to show the following. William Curtis Lowry ("Defendant") met Erica Jacks ("Ms. Jacks") at Forsyth Technical Community College. Ms. Jacks testified that, while not dating, Defendant had stayed with her a few nights.

On 30 July 2011, defendant was visiting Ms. Jacks in an apartment that Ms. Jacks shared with her mother at Burke Ridge Apartments on Griffith Road, in Winston-Salem. At about six o'clock in the evening, after a few hours of arguing with defendant, Ms. Jacks stepped outside of the apartment to talk on her cell phone. Defendant followed Ms. Jacks outside and said, "You're always trying to sleep around with somebody. You're always talking to people on the phone." Ms. Jacks told Defendant to get his things and leave.

Ms. Jacks headed for a storage building located in the apartment complex. Ms. Jacks felt a push from behind her and upon turning around, realized Defendant had followed her to the storage unit. Ms. Jacks testified that Defendant then got on top of her and began to push and hit her around her face. Defendant then proceeded to strangle her. Ms. Jacks testified that she "couldn't breathe for a while[.]" When the pressure lessened, she flipped Defendant off of her. Ms. Jacks ran towards her mother's apartment, screaming, but tripped and fell about a foot away from the door. Ms. Jacks testified that when she tried to get up, Defendant shoved her back down, bit her, hit her in the face several more times, and again strangled her with his hands and attempted to drag her into the apartment. Ms. Jacks felt like she was losing consciousness and called out to a man walking nearby, asking him to call 911.

Officer B.R. Anderson of the Winston-Salem Police Department testified that when he arrived, Ms. Jacks was lying on the ground, in a fetal position in front of an apartment. Officer Anderson testified that Ms. Jacks was crying; she was very upset; she vomited blood and stomach acid twice; and she was having panic attacks. Officer Anderson testified that Ms. Jack's clothing was ripped, her face was swollen and bruised, she had scratch marks on her, bruises on her body, and a bite mark on her shoulder.

Ms. Jacks was transported by ambulance to the emergency department at Forsyth Medical Center. There, Ms. Jacks was treated by Sarah Santiago, a physician's assistant. At trial, Santiago testified to her observation of Ms. Jacks: multiple abrasions, swelling to her face and neck, and "Ecchymosis, which is bruising, the purplish color . . . over her collarbone areas." Several photographs depicting the injuries to Ms. Jacks' face and neck were used by Santiago during her testimony. Santiago also identified a human bite mark on Ms. Jacks' left scapula, the area of her shoulder blade. During the course of her testimony, Santiago was tendered and accepted as an expert "in the area of diagnosing patients, assault victims, in terms of the possibility of strangulation." When asked whether based upon a review of Ms. Jacks statement, the examination of Ms. Jacks' neck area, Santiago could make a determination as to whether her injuries were consistent with strangulation, Santiago testified as follows:

> Her injuries certainly were consistent with the story that
> she told me. Again, the ecchymosis, the purplish color, was
> along the clavicular area, which is the collarbone. Then
> she had the swelling and the abrasions to both sides of
> the neck. There is also a scratch on the back of the neck,
> although most of the injuries were to the anterior neck,
> which is the front of the neck.

On cross-examination, Santiago confirmed that the physical injuries sometimes seen after extreme cases of strangulation, such as damage to the hyoid bone or petechiae (the rupture of small blood vessels in the eyes), were not present in Ms. Jacks. Santiago testified that there is a continuum of varying degrees of choking and strangulation, wherein a victim could have "just the soft tissue swelling to the neck, all the way to, again, near death and serious damage to the trachea and esophagus."

Defendant made a motion to dismiss all charges at the close of the State's evidence, which was denied. Defendant rested without putting on any evidence and renewed his motion to dismiss. The motion was again denied. The jury found Defendant guilty of habitual misdemeanor assault, assault inflicting physical injury by strangulation, and attaining habitual felon status. Defendant appeals.

---

Defendant's sole issue on appeal is whether the evidence, viewed in the light most favorable to the State, was insufficient to permit a reasonable juror to find Defendant guilty of assault inflicting physical injury by strangulation.

> When ruling on a defendant's motion to dismiss, the trial court must determine whether there is substantial evidence (1) of each essential element of the offense charged, and (2) that the defendant is the perpetrator of the offense. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. This Court reviews the trial court's denial of a motion to dismiss *de novo*.

*State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007) (citations and quotations omitted).

The North Carolina General Statutes, regarding assault by strangulation, reads "any person who assaults another person and inflicts physical injury by strangulation is guilty of a Class H felony." N.C. Gen. Stat. § 14-32.4(b) (2011). This Court, in *State v. Braxton*, held that "evidence that defendant applied sufficient pressure to [the victim's] throat such that she had difficulty breathing," was sufficient to constitute strangulation under the statute. 183 N.C. App. 36, 43, 643 S.E.2d 637, 642 (2007). This Court in *State v. Little* noted that "cuts and bruises on [the victim's] neck" confirmed by photographic evidence was sufficient evidence to fulfill the physical injury element of assault by strangulation. 188 N.C. App. 152, 157, 654 S.E.2d 760, 764 (2008).

Defendant concedes that in this case there was sufficient evidence to prove strangulation. However, Defendant contends that the State failed to show that the act of strangulation, rather than the other forms of battery inflicted upon Ms. Jacks, caused her physical injuries. While Ms. Jacks did not testify that the bruising and redness on her neck were the result of the strangulation in particular, Ms. Jacks did testify that the injuries she received were the result of the assault that she described. Ms. Jacks further testified that during the assault, Defendant had strangled her twice, once in the area of the storage unit and again near her apartment door. Santiago, admitted as an expert in the diagnosis of assault victims, "in terms of the possibility of strangulation" testified that

> [Ms. Jacks'] injuries certainly were consistent with the story that she told me. Again, the ecchymosis, the purplish color, was along the clavicular area, which is the collarbone. Then she had the swelling and the abrasions to both sides of the neck. . . .
>
> Q. You're saying that would be consistent with force being applied to her neck?

A. Yes, sir.

The testimony by Ms. Jacks and the testimony by Ms. Santiago along with the photographic evidence depicting the bruising, abrasions, and bite mark on and around the neck of Ms. Jacks provide evidence sufficient for the finder of fact to determine that the act of strangulation caused the physical injuries to Ms. Jacks' neck.

[2] Defendant next contends that N.C. Gen. Stat. § 14-32.4(b) should be interpreted to require proof of physical injury beyond what is inherently caused by every act of strangulation. "In interpreting a statute, it is presumed the General Assembly intended the words it used to have the meaning they have in ordinary speech." *Nelson v. Battle Forest Friends Meeting*, 335 N.C. 133, 136, 436 S.E.2d 122, 124 (1993). "When the plain meaning of a word is unambiguous, a court is to go no further in interpreting the statute." *Id.* (citations omitted). Here, the elements of assault by strangulation require proof that one: "(1) assaults another person (2) and inflicts physical injury (3) by strangulation." *State v. Williams*, 201 N.C. App. 161, 170, 689 S.E.2d 412, 416 (2009) (citing N.C. Gen. Stat. § 14-32.4(b)). In *Little*, where the victim was also sexually assaulted, our Court rejected the defendant's challenge to his strangulation conviction; our Court observed that the cuts and bruises on the victim's neck and strangulation during the assault which caused difficulty breathing, were deemed to be "sufficient evidence of each essential element of assault by strangulation." *Little*, 188 N.C. App. at 157, 654 S.E.2d at 764. Therefore, we reject defendant contention in the instant case.

Further, if Defendant's next assertion, that extensive physical injury should be a requirement for assault by strangulation, had merit, "the State would be required to show that a defendant strangled his or her victim to the point of death or close to it, in order to prove assault by strangulation. This type of conduct is provided for by other criminal offenses in our State's statutes." *Braxton*, 183 N.C. App. at 43, 643 S.E.2d at 642; *see e.g.*, *State v. Peoples*, 141 N.C. App. 115, 117, 539 S.E.2d 25, 28 (2000) (stating elements for attempted first-degree murder (pursuant to N.C. Gen. Stat. § 14-17)); N.C. Gen. Stat. § 14-32 (Felonious assault with deadly weapon with intent to kill or inflicting serious injury); N.C. Gen. Stat. § 14-32.4(a) (Assault inflicting serious bodily injury) (2011). Therefore, interpreting N.C. Gen. Stat. § 14-32.4(b) to require extensive physical injuries would frustrate the purpose of the General Assembly in enacting this provision.

Viewing the evidence in the light most favorable to the State, there was sufficient evidence from which a jury could conclude that the act

of strangulation caused Ms. Jacks' physical injuries. The evidence was sufficient to permit a reasonable juror to find Defendant guilty of assault by strangulation. Therefore, the trial court properly denied Defendant's motion to dismiss. Accordingly, Defendant's argument is overruled.

No error.

Judges HUNTER, JR., Robert N., and McCULLOUGH concur.