STATE OF NORTH CAROLINA v. FREDDIE WILSON THOMPSON

No. 7510SC483

(Filed 19 November 1975)

**Assault and Battery § 15— assault on a female — instructions proper**

In a prosecution for assault on a female where the trial court instructed the jury that they could return a verdict of guilty if they found from the evidence and beyond a reasonable doubt that defendant "grabbed or took Vivian Thompson by the arm in such a fashion and in such a manner as to put her in fear of bodily harm" and that she was a female person and defendant was a male person, such instruction was not error though it did not include the word "immediate" before the words "bodily harm."

APPEAL by defendant from *Chess, Judge.* Judgment entered 14 March 1975, Superior Court, WAKE County. Heard in the Court of Appeals 24 September 1975.

Defendant was charged with assault on a female and pled not guilty.

The State's evidence tended to show that on the night of 14 August 1974, the prosecuting witness, Vivian Thompson, divorced wife of defendant, went to a restaurant and lounge for dinner with several friends. The defendant approached the table; Mrs. Thompson told him to leave, but he forcefully grabbed her by the arm and pulled her to the dance floor. Later he ordered her to go outside; when she refused, he twisted her arm behind her back and pushed her, but Mrs. Thompson broke away and

returned to her friends. Later she avoided defendant by using a back door in leaving the lounge.

Mrs. Thompson's friends testified that defendant was forceful in taking Mrs. Thompson by the arm and that drinks on their table were spilled as defendant pulled Mrs. Thompson to the dance floor.

Defendant testified to the effect that there was nothing unusual about his behavior and that he was merely dancing and conversing with Mrs. Thompson and did nothing that could be construed as an assault.

A jury found defendant guilty and from judgment imposing imprisonment and recommendation for psychiatric analysis, defendant appeals.

*Attorney General Edmisten by Associate Attorney Isaac T. Avery III, for the State.*

*Carl E. Gaddy, Jr., for defendant appellant.*

CLARK, Judge.

In his final mandate to the jury the trial judge charged the jury to return a verdict of guilty of assault on a female if it found from the evidence and beyond a reasonable doubt that defendant "grabbed or took Vivian Thompson by the arm in such a fashion and in such a manner as to put her in fear of bodily harm" and that she was a female person and he, the defendant, was a male person. Defendant assigns this portion of the charge as error and contends that it fails to include the elements of assault in that the word "immediate" did not precede the words "bodily harm."

The Supreme Court of North Carolina has approved the broad definition that an assault is a show of violence causing a reasonable apprehension of immediate bodily harm. *State v. Allen,* 245 N.C. 185, 95 S.E. 2d 526 (1956) ; *State v. Hill,* 6 N.C. App. 365, 170 S.E. 2d 99 (1969). The Court has also approved the general common law rule that an assault is an intentional offer or attempt by force or violence to do injury to the person of another. *State v. Hefner,* 199 N.C. 778, 155 S.E. 879 (1930).

The evidence for the State discloses a battery, the forceful pulling and twisting of her arm. While every battery includes an assault, every assault does not include a battery. A battery

is the unlawful application of force to the person of another by the agressor himself or by some substance which he puts in motion. *State v. Hefner, supra.* Where "the evidence discloses an actual battery, whether the victim is 'put in fear' is inapposite." *State v. Lassiter,* 18 N.C. App. 208, 212, 196 S.E. 2d 592, 595 (1973).

While we do not commend the trial judge's final mandate as a model of clarity and accuracy, the State's evidence tends to show bodily harm occurring at the time of the battery; therefore, the failure to include the word "immediate" before the words "bodily harm" is not error.

We have carefully examined the other assignments of error, and we find the evidence sufficient to support the verdict and no prejudicial error in the admission of evidence challenged by the defendant.

No error.

Judges BRITT and PARKER concur.