STATE OF NORTH CAROLINA v. JOSE MANUEL VIERA

No. COA07-968

(Filed 1 April 2008)

**1. Sexual Offenses— battery—massage therapist**

The trial court correctly denied defendant's motion to dismiss charges of sexual battery for insufficient evidence where defendant was a masseur who was accused of inappropriately touching his clients. Sexual battery is defined in terms of sexual contact rather than a sexual act, and there was evidence of force in defendant's abuse of his position of trust and relative authority as a professional massage therapist. Furthermore, both victims testified that they were afraid to say anything to defendant after the touching began.

**2. Administrative Law— practicing massage therapy without a license—sufficiency of evidence**

The trial court did not err by denying defendant's motion to dismiss a charge of practicing massage therapy without a license arising from events in 2004 and 2005 where the administrator of the Board testified that the Board's files had been examined, that defendant's license was revoked in 2002, and that it was never reissued.

**STATE v. VIERA**

[189 N.C. App. 514 (2008)]

**3. Appeal and Error— reinstatement of charges—failure to object at arraignment**

Defendant waived any error in the reinstatement of charges against him after a dismissal with leave where he did not object at arraignment.

Appeal by defendant from judgments entered 13 December 2005 by Judge Howard E. Manning in Wake County Superior Court. Heard in the Court of Appeals 3 March 2008.

*Roy Cooper, Attorney General, by Anne M. Middleton, Assistant Attorney General, for the State.*

*Terry F. Rose for defendant-appellant.*

MARTIN, Chief Judge.

Defendant appeals from judgments imposing active terms of imprisonment following his conviction by a jury of two counts of sexual battery and one count of practicing massage therapy without a license. At trial, the State offered evidence tending to show that from June 2004 until early January 2005, defendant provided massage services as an independent contractor at a Raleigh salon and spa. At the inception of his relationship with the salon, he exhibited a copy of his massage license to the salon's owner, who made no further inquiry. In fact, defendant's massage license had been revoked by the North Carolina Board of Body Work and Massage (the "Board") in 2002 following a hearing by the Board after it had received complaints about the defendant. He applied for reinstatement in 2004, but his application was denied by the Board.

On or about 14 December 2004, R.K. arrived at the spa after making an appointment for a one-hour massage. She was introduced to defendant as the person who would perform the massage. She told defendant that she would like him to work on her back, shoulders, and neck. Defendant left the room and R.K. undressed, put on a pair of disposable panties furnished by the salon, lay facedown on the massage table, and pulled the sheet over her. After massaging R.K.'s legs, defendant spent a lot of time massaging her buttocks. He then instructed her to turn onto her back, and started massaging her legs and inner thigh until his fingers touched her labia. Defendant touched her there repeatedly, and also rubbed her breasts in a way that she characterized as "fondling." During this time, defendant also pressed his erect penis against her arm. When defendant

STATE v. VIERA

[189 N.C. App. 514 (2008)]

touched R.K. inappropriately, she was petrified and she froze, fearing what defendant might do next. Her massage was the last appointment of the evening, and she did not hear anyone else in the building. At the end of the encounter, defendant massaged R.K.'s face and then slapped her face. She dressed quickly and left the building. R.K. was frightened and reluctant to tell anyone until early January after she began having panic attacks. She then told her husband and co-workers what had happened and reported the incident to the police. By that time, the police were already investigating another complaint against defendant.

The second complaint was made by J.E. She reported to police, and testified at trial, concerning an incident which occurred on 4 January 2005, when she went to the salon for a facial and massage. Defendant gave J.E. a short terry cloth wrap to wear during the facial. When the facial was complete, defendant told J.E. to turn over and lie facedown so he could begin the massage. When she complied, he "ripped" the wrap off of her, leaving her completely naked. Without draping her, defendant began massaging J.E.'s entire body. While he was massaging her buttocks and upper thighs, he came within millimeters of penetrating her with his fingers. J.E. became tense and completely froze, afraid of what else defendant might do. Defendant then instructed her to turn over onto her back, and he began rubbing her stomach and breasts, including her nipples. Defendant rubbed down her stomach until his fingers went into her pubic hair. J.E. was too frightened to move. Finally, defendant worked on her neck and ended the massage by running his fingers through her hair. As soon as the massage was over, J.E. confronted the salon owner about what had occurred.

Defendant was tried in district court and was found guilty. He appealed to superior court. When he failed to appear for trial in superior court, for reasons later determined to be beyond his control, he was called and failed in superior court, and the charges were dismissed with leave. On 12 December 2005, the State filed notices of reinstatement for the two charges of sexual battery and placed all of the charges on the trial calendar. At the conclusion of the trial, the jury found defendant guilty of all three charges.

[1] Defendant argues that the trial court erred in denying his motion to dismiss the charges of sexual battery because the State offered insufficient evidence of his guilt of each element of those crimes. His argument is without merit.

In ruling on a motion to dismiss at the close of evidence made pursuant to G.S. § 15A-1227, a trial court must determine whether there is substantial evidence of each essential element of the offenses charged. If, viewed in the light most favorable to the State, the evidence is such that a jury could reasonably infer that defendant is guilty, the motion must be denied.

*State v. Williams,* 154 N.C. App. 176, 178, 571 S.E.2d 619, 620-21 (2002) (citation omitted).

Defendant first contends that the State failed to present any evidence of the "sexual act" element of sexual battery because there was no evidence that defendant penetrated either victim. Contrary to defendant's contention, sexual battery is not defined in terms of a sexual act, but rather in terms of "sexual contact." In North Carolina, sexual battery occurs when "the person, for the purpose of sexual arousal, sexual gratification, or sexual abuse, engages in *sexual contact* with another person . . . [b]y force and against the will of the other person." N.C. Gen. Stat. § 14-27.5A(a) (2007) (emphasis added). " 'Sexual contact' means (i) touching the sexual organ, anus, breast, groin, or buttocks of any person, [or] (ii) a person touching another person with their own sexual organ, anus, breast, groin, or buttocks." N.C. Gen. Stat. § 14-27.1(5) (2007). Accordingly, touching without penetration is sufficient to support the element of sexual contact necessary for the crime of sexual battery.

Defendant also argues that the motion to dismiss the charges of sexual battery should have been granted because the State failed to present evidence of the element of force required for the crime. Sexual battery must occur "[b]y force and against the will of the other person." N.C. Gen. Stat. § 14-27.5A(a)(1). Our Supreme Court has noted:

> The requisite force may be established either by actual, physical force or by constructive force in the form of fear, fright, or coercion. Constructive force is demonstrated by proof of threats or other actions by the defendant which compel the victim's submission to sexual acts. Threats need not be explicit so long as the totality of circumstances allows a reasonable inference that such compulsion was the unspoken purpose of the threat.

*State v. Etheridge,* 319 N.C. 34, 45, 352 S.E.2d 673, 680 (1987) (citations omitted). This Court has subsequently noted: "Constructive force . . . may be demonstrated by proof that the defendant acted so as, in the totality of the circumstances, to create the reasonable infer-

ence that the purpose of such acts was to compel the victim to submit to [the sexual contact]." *State v. Scercy*, 159 N.C. App. 344, 352, 583 S.E.2d 339, 344 (2003).

In the present case, the defendant held himself out to be a professional, licensed massage therapist, bound by the statutes and rules governing the profession. At the time when the victims sought treatment from defendant, the administrative rules specifically prohibited "sexual activity with a client in a location where the practice of massage and bodywork therapy is conducted" and explicitly stated "[l]icensees shall not use the therapist-client relationship to engage in sexual activity with any client." 21 N.C. Admin. Code 30.0505 (2004) (current version at 21 N.C. Admin. Code 30.0509 (2006)). "Sexual activity" has been defined as "any direct or indirect physical contact . . . which is intended to erotically stimulate either person, [including] manipulation of any body tissue with the intent to cause sexual arousal." 21 N.C. Admin. Code 30.0102(8) (2004) (current version at 21 N.C. Admin. Code 30.0508 (2006)). According to these rules, a professional massage therapist is specifically prohibited from making sexual contact for the purpose of sexual arousal, gratification, or abuse, the same conduct which constitutes sexual battery under N.C.G.S. § 14-27.5A(a). Based on these rules, a client expects professional boundaries when choosing to receive massage services from a licensed massage therapist. In fact, one of the victims testified,

> he . . . told me the areas that he would massage and if there was anyplace . . . that [I] didn't want [him] to massage, and I said no, because, I [sic] you know, there's certain boundaries that are just accepted when you have a professional massage. . . . [T]hat they're not going to touch you where they shouldn't.

Defendant utilized his apparent status as a licensed, professional massage therapist to induce his victims to lie naked on the massage table, putting them in a position of complete vulnerability. Through this coercion, he forced them to submit to the unwanted sexual contact. Defendant's implicit threat was delivered through his abuse of his position of trust and relative authority as a professional massage therapist.

Furthermore, both victims testified they were afraid to say anything to defendant after he began touching them inappropriately because, as one stated, "I felt petrified. . . . I didn't know what this man would do. I did not, do not know him, did not know him then, I had no idea what he might do if I said something," and as the other

stated, "I was petrified. I didn't know what he was going to do next if he was—I was supposedly in a professional salon, and thought he was a professional masseuse. And things that he was doing I knew weren't right." The fear created by the victims' feelings of vulnerability also substantiates the element of constructive force required to constitute the crime of sexual battery under N.C.G.S. § 14.27.5A(a)(1). On both theories of constructive force, the State presented sufficient evidence for the jury to reasonably infer that defendant was guilty of sexual battery, and the trial court properly denied the motion to dismiss.

[2] Defendant next argues that the trial court erred in failing to grant defendant's motion to dismiss the charge of practicing massage therapy without a license. Defendant argues that the trial court should have granted the motion because the State failed to offer evidence of the element of the crime that defendant was unlicensed on 14 December 2004 and 4 January 2005. N.C. Gen. Stat. § 90-634(a) (2007) ("It is unlawful for a person not licensed or exempted . . . to engage in . . . [the p]ractice of massage and bodywork therapy."). The State presented testimony of the administrator for the Board, after examining the Board's files on defendant, that defendant's license was revoked in 2002 and was never reissued at any time. In light of this evidence, defendant's argument is without merit.

[3] Defendant ultimately argues that it was error for the trial court to submit to the jury the charge of practicing massage therapy without a license because the State did not sign the notice of reinstatement of the charge after it had been dismissed with leave. Defendant reasons that by failing to sign the notice, the State did not reinstate the charge, and therefore the trial court lacked jurisdiction to submit the charge to the jury. Under our General Statutes, after charges against a defendant have been dismissed with leave, "the prosecutor may reinstitute the proceedings by filing written notice with the clerk." N.C. Gen. Stat. § 15A-932(d) (2007). In order to preserve for appeal the State's failure to make proper written notice, a defendant must object at the arraignment hearing. *State v. Patterson*, 332 N.C. 409, 421-22, 420 S.E.2d 98, 104-05 (1992). Defendant does not argue, and the record does not reflect, that defendant objected to the lack of notice at his arraignment. Therefore, defendant waived any error that may have occurred. *See id.*

No error.

Judges CALABRIA and GEER concur.