[209 N.C. App. 737 (2011)]

IN THE MATTER OF J.V.J.

No. COA10-1074

(Filed 1 March 2011)

**Juveniles— delinquency—assault on government officer—sufficiency of findings of fact**

The Court of Appeals granted a juvenile's petition for writ of *certiorari* and concluded that the trial court erred by failing to make sufficient findings of fact under N.C.G.S. § 7B-2411 to support the conclusion that the juvenile committed the offense of assault on a government officer. The case was remanded for additional findings.

On writ of *certiorari* to review order filed 20 January 2010 by Judge Beverly Scarlett in Orange County District Court. Heard in the Court of Appeals 27 January 2011.

*Attorney General Roy Cooper, by Assistant Attorney General Charles G. Whitehead, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender David W. Andrews, for Respondent.*

STEPHENS, Judge.

*Factual and Procedural Background*

On 28 December 2009, a juvenile petition was filed against then 15-year-old J.V.J. ("Joseph"),[1] alleging that Joseph assaulted Officer Gary Beneville ("Officer Beneville"), a school resource officer at Chapel Hill High School, by "striking, kicking and scratching leaving cuts to [Officer Beneville's] left arm and hand as well as [his] forehead." An adjudication hearing on the petition was held at the 20 January 2010 Juvenile Session of Orange County District Court, the Honorable Beverly Scarlett presiding.

The evidence presented by the State at the hearing tended to show that on 23 November 2009, Officer Beneville was in the Chapel Hill High School cafeteria when he received a call from the school's office informing him that Joseph, a student at the school, was in one of the school's trailers and was "irate at the time and [the office] needed someone to come deal with him."

---

1. "Joseph" is a pseudonym to protect the juvenile's privacy.

**IN RE J.V.J.**

[209 N.C. App. 737 (2011)]

When Officer Beneville arrived at the trailer, a teacher informed him that Joseph "was being belligerent" and "needed [] to leave." When Officer Beneville asked Joseph to leave, Joseph "screamed at [Officer Beneville] several times that he wasn't going anywhere." Officer Beneville then picked up Joseph's belongings, put his hand on Joseph's shoulder, and attempted to "guide [Joseph] toward the door." At that point, Joseph "dug his fingernails in [Officer Beneville's] arm—kinda with both hands. And then yanked downward. Breaking off the fingernails [] in the skin." Officer Beneville then "just pushed [his hand] back up against [Joseph] under his neck, pushed [Joseph] down on the desk and was trying to hold him down. [Joseph] was still kicking and punching and[] scratched [Officer Beneville's] forehead with one of his fingernails and was screaming [that] he was going to claw [Officer Beneville's] eyes out."

Officer Beneville let Joseph up after "forty-five [] seconds, maybe a minute," at which point Joseph "picked a chair up over his head [] as [if] he was going to throw it at [Officer Beneville]." Officer Beneville then drew his taser and told Joseph, "[I]f you throw that chair I'm going to tase you." Following "a little bit of a stalemate[,]" Officer Beneville put away the taser, Joseph threw the chair on the floor, and Joseph was escorted to the principal's office.

After the close of the State's evidence, Joseph testified that he "became irritated [at a teacher] and—started yelling at her and—she [(the teacher)]—then told [him] to leave and—there were protocols that—were in place that, because of [his] Asperger's diagnosis that— um, they're suppose to prevent this from happening, but she did not follow those procedures." Joseph testified that after Officer Beneville arrived and asked Joseph to leave, Officer Beneville grabbed Joseph's arm and tried to "tug [him] out of [his] seat." Joseph testified that he "felt that [he] was being attacked" so he "grabbed [Officer Beneville's] arm and tried to pull [it] off[.]" Joseph further testified that the chair he lifted into the air was held only in front of him, and not above his head.

At the close of all the evidence, the trial court "enter[ed] a verdict of responsible" on the charge of assault on a government officer, and on 20 January 2010, the court filed its order adjudicating Joseph delinquent and continuing disposition until 17 February 2010. On 18 February 2010, the court continued disposition because Joseph was "currently in the hospital." Disposition was again continued on 17 March 2010 because Joseph was "unavailable for court." On 17 March

2010, Joseph filed his notice of appeal from the 20 January 2010 adjudication of delinquency.[2]

### Petition for Writ of Certiorari

In juvenile delinquency cases, appeal may only be taken from final orders, including an "order of disposition after an adjudication that a juvenile is delinquent[.]" N.C. Gen. Stat. § 7B-2602 (2009). However, " '[a]n adjudication of delinquency is not a final order' " and is therefore unappealable. *In re M.L.T.H.* ——, N.C. App. ——, ——, 685 S.E.2d 117, 121 (2009) (quoting *In re Taylor*, 57 N.C. App. 213, 214, 290 S.E.2d 797, 797 (1982)); *see also* N.C. Gen. Stat. § 7B-2602. Acknowledging these circumstances, Joseph filed a 7 September 2010 petition for writ of *certiorari*, asking this Court to hear the merits of his appeal of the adjudication order.

A writ of *certiorari* may be issued by this Court to permit review of an order of the trial court "when no right of appeal from an interlocutory order exists[.]" N.C. R. App. P. 21(a)(1) (2009). In this case, because Joseph has no right to appeal the interlocutory adjudication order—in that Joseph is not appealing from any final orders pursuant to section 7B-2602—and because no appealable final order has yet been entered in the case, we grant *certiorari* to consider the arguments raised by Joseph regarding his adjudication of delinquency.

### Discussion

As his sole argument on appeal, Joseph contends that the trial court erred by failing "to make sufficient findings of fact to support the conclusion that [Joseph] committed the offense of assault on a government officer." For the following reasons, we agree.

With respect to the findings required of an adjudication order in the juvenile delinquency context, section 7B-2411 provides that

[i]f the court finds that the allegations in the petition have been proved [beyond a reasonable doubt], the court shall so state in a written order of adjudication, *which shall include, but not be limited to*, the date of the offense, the misdemeanor or felony classification of the offense, and the date of adjudication.

---

2. On 19 May 2010, subsequent to Joseph's appeal of the adjudication order, the trial court entered a temporary disposition order pursuant to section 7B-2605, which provides that "[p]ending disposition of an appeal, the release of the juvenile, with or without conditions, should issue in every case unless the court orders otherwise. For compelling reasons . . . the court may enter a temporary order affecting the custody or placement of the juvenile . . . ." N.C. Gen. Stat. § 7B-2605 (2009).

N.C. Gen. Stat. § 7B-2411 (2009) (emphasis added).

In this case, the only adjudicatory findings made by the trial court are as follows:

Based on the evidence presented[,] [t]he following facts have been proven beyond a reasonable doubt:

The court finds that [Joseph] is responsible.

1391-ASSAULT GOVT OFFICAL/—14-33(C)(4) CLASS 1A MISD OCCURRED 11-23-09[.]

We conclude that these findings are insufficient to satisfy the requirements of section 7B-2411.

We agree with the State that section 7B-2411 "does not require the [trial] court to delineate each element of an offense and state in writing the evidence which satisfies each element[,]" and we recognize that section 7B-2411 does not specifically require that an adjudication order "contain appropriate findings of fact[,]" as does section 7B-807, the statute governing orders of adjudication in the abuse, neglect, or dependency context. N.C. Gen. Stat. §§ 7B-807(b), 2411 (2009). Nevertheless, at a minimum, section 7B-2411 requires a court to state in a written order that "the allegations in the petition have been proved [beyond a reasonable doubt]." N.C. Gen. Stat. § 7B-2411. The "allegations in the petition" in this case are the following:

[Joseph] unlawfully and willfully did assault . . . and strike [Officer Beneville,] a government officer, by striking, kicking and scratching leaving cuts to [his] left arm and hand as well as [his] forehead.

At the time of the offense [Officer Beneville] was attempting to discharge the following duty of his[] office[:] [Joseph] had been instructed by [Officer Beneville] to leave the classroom. [Joseph] refused[]. When [Officer Beneville] put [his] hand on [Joseph], [Joseph] began clawing at [Officer Beneville's] left arm.

The adjudication order in this case fails to address any of these allegations as required by section 7B-2411. Indeed, the adjudication order does not even summarily aver that "the allegations in the petition have been proved[.]" The form on which the trial court made its findings contains a large blank area where the court is to state its findings. Rather than addressing the allegations in the petition in the blank area, the court used the space to (1) indicate, through a

fragmentary collection of words and numbers, that an offense occurred and (2) state that Joseph was "responsible," which, as the trial court noted at the close of the adjudication hearing, is a verdict and may more properly be characterized as a conclusion of law rather than a finding of fact. *Cf. In re Helms,* 127 N.C. App. 505, 510, 491 S.E.2d 672, 675 (1997) ("As a general rule[] any determination requiring the exercise of judgment [] or the application of legal principles [] is more properly classified a conclusion of law."). In our view, these "findings" insufficiently address the allegations in the petition. Accordingly, we conclude that the trial court erred by failing to include the requisite findings in its adjudication order. As such, we remand this case to the trial court to make the statutorily mandated findings in Joseph's adjudication order.

REMANDED.

Judges GEER and McCULLOUGH concur.