IN THE MATTER OF K.C.

NO. COA12-1157

Filed 16 April 2013

1.  **Appeal and Error—writ of certiorari granted—insufficient evidence of sexual battery—mere touching**

    The Court of Appeals exercised its discretion under N.C. R. App. P. 2 and determined that the trial court erred by denying defendant juvenile's motion to dismiss the charge of sexual battery at the close of the State's evidence. Evidence that defendant merely touched a classmate's buttocks, without showing a sexual purpose, was not sufficient to raise more than a suspicion or possibility of sexual battery.

**IN RE K.C.**

[226 N.C. App. 452 (2013)]

2. **Appeal and Error—writ of certiorari denied—sufficient evidence of simple assault**

Though there was contradictory evidence as to whether defendant juvenile intended to make contact with his classmate when he touched her buttocks, the mere fact that he touched her without her consent was sufficient to preclude further review of a simple assault charge by the Court of Appeals under N.C. R. App. P. 2.

3. **Juveniles—delinquency—adjudication order—simple assault**

The trial court's juvenile delinquency adjudication order satisfied N.C.G.S. § 7B-2411, and thus, its simple assault adjudication was supported by sufficient findings of fact.

4. **Juveniles—delinquency—disposition order**

The trial court erred in a juvenile delinquency case by failing to enter its disposition in accordance with N.C.G.S. § 7B-2501 because it did not address certain factors required by statute.

5. **Constitutional Law—ineffective assistance of counsel—claim dismissed without prejudice—record unclear**

Defendant juvenile's ineffective assistance of counsel claim was dismissed without prejudice to his ability to file a motion for review and further pursue this claim. The record was unclear on whether the performance of the juvenile's attorney fell below an objective standard of reasonableness or prejudiced his case as to the charge of simple assault.

Appeal by Juvenile K.C. from Order entered 19 July 2012 by Judge Regan A. Miller in Mecklenburg County District Court. Heard in the Court of Appeals 14 February 2013.

*Attorney General Roy Cooper, by Assistant Attorney General Peggy S. Vincent, for the State.*

*The Law Office of Bruce T. Cunningham, Jr., by Amanda S. Zimmer, for Juvenile.*

STEPHENS, Judge.

*Factual Background and Procedural History*

This matter arises out of the filing of juvenile petitions alleging the offenses of simple assault and sexual battery. The case was heard at

a session for juvenile hearings in District Court, Mecklenburg County, on 19 July 2012. Evidence offered at the hearing tended to show the following:

Juvenile Keith[1] attends high school with the prosecuting witness, Karen, where they share classes. Both Keith and Karen are fifteen years old. The two typically sit far away from each other, but on 29 February 2012 they had a substitute teacher, and Keith was not sitting in his usual place. At one point during the day, Karen got up from her seat to shelve a book. Karen testified at the adjudicatory hearing that she bent over to place the book where it belonged when Keith "touched and grabbed [her]." Karen reacted by informing Keith: "Don't do that." Keith did not respond.

Karen went to the substitute teacher and reported the incident. The substitute teacher informed the school resource officer, Scott Gallman, who investigated the matter and took statements from Karen and Keith. At the hearing, Officer Gallman testified that Karen had seemed "a little upset" when she informed him that Keith "grabbed and squeezed [her buttocks]." Officer Gallman further testified that Keith had admitted to touching Karen on the buttocks, "but he said it was an accident."

Testifying in his own defense, Keith largely corroborated Karen's testimony leading up to the moment of contact. He explained that he had been sitting in his seat and "I had dropped my pencil and when I picked my pencil up, I accidentally hit [Karen's] butt, but I didn't squeeze it." Keith stated that he was seated during the entire event, having come into contact with Karen during the process of leaning down to get his pencil.

At the close of the State's evidence, Keith moved to dismiss the charge of sexual battery. The district court denied that motion. Keith did not renew his motion at the close of all the evidence. He was subsequently adjudicated "delinquent with respect to the offense of misdemeanor sexual battery." At the end of the hearing, he gave notice of appeal in open court. The court said nothing during the hearing regarding the charge of simple assault. In its written order, however, the court concluded that Keith was delinquent with regard to sexual battery and simple assault. Keith was determined to be a Level 1 offender and placed on 9 months of probation. He was also directed "to submit to a juvenile sex offender evaluation and [comply] with treatment recommendations."

---

1. Pseudonyms are used to protect the juveniles' identities.

## Discussion

On appeal, Keith argues that: (1) the district court erred by failing to dismiss the charge of sexual battery at the close of the State's evidence because that charge is not supported by sufficient evidence; (2) the district court should have dismissed the charge of simple assault as not based on sufficient evidence; (3) the district court failed to make sufficient findings of fact on both counts; and (4) he was denied effective assistance of counsel at the hearing. We vacate the court's adjudication of sexual battery as based on insufficient evidence, affirm the district court's adjudication of simple assault, and remand the case for insufficient findings of fact on the court's simple assault disposition. We do not reach the merits of Keith's final argument, ineffective assistance of counsel.

### I. Sufficiency of the Evidence

#### A. Sexual Battery

[1] Keith contends that the district court erred by denying his motion to dismiss the charge of sexual battery at the close of the State's evidence. Because Keith did not renew his motion to dismiss at the close of all the evidence, he requests that we review his appeal under Rule 2 of the North Carolina Rules of Appellate Procedure.

As a general rule, "a defendant [in a criminal case] may not make insufficiency of the evidence to prove the crime charged the basis of an issue presented on appeal unless a motion to dismiss the action . . . is made at [the hearing]." N.C.R. App. P. 10(a). If the motion is made at the close of the State's evidence and denied by the court, the "defendant may not challenge on appeal the sufficiency of the evidence to prove the crime charged" if he "fail[ed] to move to dismiss the action . . . at the close of all the evidence." *Id.; In re Hodge*, 153 N.C. App. 102, 107, 568 S.E.2d 878, 881 (2002) ("[I]f a defendant fails to move to dismiss the action . . . at the close of all the evidence, he may not challenge on appeal the sufficiency of the evidence to prove the crime charged.").

We may suspend this prohibition under Rule 2, however, "[t]o prevent manifest injustice to a party[.]" N.C.R. App. P. 2. "[W]hen this Court firmly concludes, as it has here, that the evidence is insufficient to sustain a criminal conviction . . . it will not hesitate to reverse the conviction, *sua sponte*, in order to prevent manifest injustice to a party." *State v. Booher*, 305 N.C. 554, 564, 290 S.E.2d 561, 566 (1982) (citations and quotation marks omitted); *see also State v. Gayton-Barbosa*, 197 N.C. App. 129, 134, 676 S.E.2d 586, 590 (2009) ("The Supreme Court and this

Court have regularly invoked [Rule 2] in order to address challenges to the sufficiency of the evidence to support a conviction.") (citation omitted). Because we conclude that the evidence against Keith is insufficient to support an adjudication of delinquency as to sexual battery, we review Keith's appeal in order to prevent manifest injustice despite his failure to move to dismiss that charge at the end of all the evidence.

"We review a . . . court's denial of a [juvenile's] motion to dismiss *de novo*." *In re S.M.S.*, 196 N.C. App. 170, 171, 675 S.E.2d 44, 45 (2009). "Where the juvenile moves to dismiss, the . . . court must determine whether there is substantial evidence (1) of each essential element of the offense charged, . . . and (2) of [the juvenile's] being the perpetrator of such offense." *In re Heil*, 145 N.C. App. 24, 28, 550 S.E.2d 815, 819 (2001) (citation and quotation marks omitted). "The evidence must be such that, when it is viewed in the light most favorable to the State, it is sufficient to raise more than a suspicion or possibility of the respondent's guilt." *In re Walker*, 83 N.C. App. 46, 48, 348 S.E.2d 823, 824 (1986). Here, Keith argues that the evidence offered by the State is insufficient to support an adjudication of delinquent with regard to sexual battery. We agree.

A juvenile can be found delinquent of sexual battery if, "for the purpose of sexual arousal, sexual gratification, or sexual abuse, [the juvenile] engages in sexual contact with another person . . . [b]y force and against the will of the other person[.]" N.C. Gen. Stat. § 14-27.5A (2011). Keith argues that, in this case, there is not sufficient evidence to support a finding of either sexual contact or sexual purpose.

Sexual contact occurs when, among other things, a juvenile touches the sexual organ, anus, breast, groin, or buttocks of another person. N.C. Gen. Stat. § 14-27.1(5) (2011). "[T]ouching without penetration is sufficient to support the element of sexual contact necessary for the crime of sexual battery." *State v. Viera*, 189 N.C. App. 514, 517, 658 S.E.2d 529, 531 (2008). Here, Karen informed the court that Keith "touched and grabbed [her]." At the end of Karen's testimony, the district court clarified that "when [she] said [Keith] touched her, [Karen] [made] a gesture with her hand that indicated a squeezing motion." Later in the hearing, Keith rebutted Karen's testimony with his own statement, avowing that he "accidentally hit her butt, but []didn't squeeze it." The testimony of both parties is consistent with their previous statements to Officer Gallman, who confirmed Keith's prior statement that the touching was accidental. As both parties testified to the fact that Keith made contact with Karen's buttocks, we conclude that there was sufficient evidence of sexual contact.

IN RE K.C.

[226 N.C. App. 452 (2013)]

On the question of sexual purpose, however, this Court has previously held — in the context of a charge of indecent liberties between children — that such a purpose does not exist "without some evidence of the child's maturity, intent, experience, or other factor indicating his purpose in acting[.]" *In re T.S.*, 133 N.C. App. 272, 277, 515 S.E.2d 230, 233 (1999). Otherwise, "sexual ambitions must not be assigned to a child's actions." *Id.* The element of purpose "may not be inferred solely from the act itself." *Id.*; *In re D.S.*, __ N.C. App. __, 699 S.E.2d 141 (2010) (unpublished disposition), *available at* 2010 WL 3464278 (applying the reasoning from *In re T.S.* to sexual battery).[2] Rather, factors like age disparity, control by the juvenile, the location and secretive nature of the juvenile's actions, and the attitude of the juvenile should be taken into account. *In re T.C.S.*, 148 N.C. App. 297, 302–03, 558 S.E.2d 251, 254 (2002) (finding sufficient evidence to support the court's denial of the juvenile's motion to dismiss a charge of indecent liberties between children when the almost twelve-year-old juvenile was seen holding hands with a five-year-old victim while coming out of the woods; the juvenile appeared to put his hands on the victim's private parts while she was taking off her clothes). The mere act of touching is not enough to show purpose. *See In re T.S.*, 133 N.C. App. at 277, 515 S.E.2d at 233.

When Karen was asked why she believed the contact was intentional, she responded: "[Y]ou can't touch and grab someone and not be accident [sic] and especially if you're a boy." She also testified that Keith had said certain "nasty stuff" to her at the beginning of the school year. Specifically, Karen described an instance in which Keith purportedly asked her, "When are you going to let me hit?," which Karen took to mean, "[W]hen are you going to let me have sex with you?" When Keith was asked if he had ever "talked to [Karen] about anything in a sexual nature," he avowed that he had not.

This evidence is not sufficient to raise more than a suspicion or possibility that Keith committed sexual battery. The question of whether the contact between Keith and Karen was intended "for the purpose of sexual arousal, sexual gratification, or sexual abuse" is disputed by the parties and there is no third party observer to provide additional context. Keith and Karen are the same age and there is no evidence that

---

2. *In re D.S.* is an unpublished opinion and, therefore, holds no precedential value. N.C.R. App. P. 30(e)(1). Because the reasoning used by that panel is particularly persuasive in this circumstance, however, we employ it here. *See generally State ex rel. Moore Cnty. Bd. of Educ. v. Pelletier*, 168 N.C. App. 218, 222, 606 S.E.2d 907, 909 (2005) ("[C]itation to unpublished opinions is intended solely in those instances where the persuasive value of a case is manifestly superior to any published opinion.").

Keith exercised any particular control over the situation. The incident occurred in a public school room during the school day. Keith contends that the touching was accidental and also made a statement to that effect directly after the event. Further, Keith's alleged request to "hit" was made months before the moment of contact between him and Karen, with no evidence of any contact of any sort between the two of them from the beginning of the school year, presumably in late August, through late February.[3] There is no other evidence connecting that statement (or any other statement) to the events on 29 February 2012. Because the mere act of touching is not enough to show purpose, we vacate the court's adjudication as to sexual battery.

### B. Simple Assault

[2] Keith also contends that the district court erred by finding that he committed simple assault. Because Keith did not move to dismiss the charge of simple assault at the hearing, he requests that we review his appeal under Rule 2 of the North Carolina Rules of Appellate Procedure.

When a battery has occurred, assault may be proven by a finding of either assault or battery on the victim. *See State v. West*, 146 N.C. App. 741, 743, 554 S.E.2d 837, 839–40 (2001) (citation omitted) ("Assault on a female may be proven by finding either an assault on or a battery of the victim."); *see also McCracken v. Sloan*, 40 N.C. App. 214, 216, 252 S.E.2d 250, 252 (1979) ("It has been said that assault and battery which are two separate common law actions 'go together like ham and eggs.' ").[4] Assault is defined as "an overt act or attempt, with force or violence, to do some immediate physical injury to the person of another, which is sufficient to put a person of reasonable firmness in fear of immediate physical injury." *State v. Bagley*, 183 N.C. App. 514, 526, 644 S.E.2d 615, 623 (2007). This "rule places emphasis on the intent or state of mind of the person accused." *State v. Roberts*, 270 N.C. 655, 658, 155 S.E.2d 303, 305 (1967). "A battery always includes an assault, and is an assault whereby any force is applied, directly or indirectly, to the person of another." *State v. Britt*, 270 N.C. 416, 418, 154 S.E.2d 519, 521 (1967); *see generally State v. Thompson*, 27 N.C. App. 576, 577, 219 S.E.2d 566, 568, *cert. denied*, 289 N.C. 141, 220 S.E.2d 800 (1975) ("While every battery includes an assault, every assault does not include a battery.").

---

3. As the contact at issue occurred in late February, it can be presumed that the statement Karen is referring to occurred some five-to-six months beforehand, near the beginning of the school year.

4. Instead of ham and eggs, we suggest: 'peas and carrots,' 'salt and pepper,' 'sugar and spice,' 'peanut butter and jelly,' or, perhaps, 'tempeh and scrambled tofu.'

"[A] battery is the actual unlawful infliction of violence on the person of another, and may be proved by evidence of any unlawful touching of plaintiff's person, whether by defendant himself or by any substance put in motion by him." *State v. Sudderth*, 184 N.C. 753, 756, 114 S.E. 828, 829 (1922) (citations and quotation marks omitted); *see also* N.C.P.I.— Crim. 120.20 ("Provided there is a battery involved, . . . [a]n assault is an intentional application of force, however slight, directly or indirectly, to the body of another person without that person's consent [or] an intentional, offensive touching of another person without that person's consent."). "Where the evidence discloses an actual battery[, as it does here,] whether the victim is put in fear is inapposite." *Thompson*, 27 N.C. App. at 578, 219 S.E.2d at 568 (citation and quotation marks omitted). "The gist of the action for battery is not the hostile intent of the defendant, but rather the absence of consent to the contact on the part of the plaintiff." *McCracken*, 40 N.C. App. at 216–17, 252 S.E.2d at 252.

In this case, both parties admit that Keith touched Karen's buttocks. Though there is contradictory evidence as to whether Keith intended to make contact with Karen, the mere fact that he touched her without her consent is sufficient to preclude further review under Rule 2 and our assault and battery jurisprudence. *See generally West*, 146 N.C. App. at 742–44, 554 S.E.2d at 839–40 (finding no error, when the defendant touched the victim's breast, on the juvenile court's amended instruction to the jury that battery may exist when, *inter alia*, "the Defendant intentionally touched, however slight, the body of the alleged victim") (brackets omitted).

## II. The District Court's Findings of Fact on Simple Assault

### A. The Adjudication Order

[3] Keith also contends that the court's adjudication of simple assault is not supported by sufficient findings of fact under the court's duty to make such findings. We disagree and affirm the simple assault adjudication.

We addressed a similar issue in the case of *In re J.V.J.*, 209 N.C. App. 737, 707 S.E.2d 636 (2011) [hereinafter *J.V.J.*]. There we examined the court's fact-finding duty under N.C. Gen. Stat. § 7B-2411 (2011), which governs the requirements of juvenile adjudications in cases of undisciplined and delinquent juveniles. N.C. Gen. Stat. § 7B-1600, 1601. Section 7B-2411 provides:

> If the court finds that the allegations in the petition have been proved [beyond a reasonable doubt], the court shall so state in a written order of adjudication, which shall

include, but not be limited to, the date of the offense, the misdemeanor or felony classification of the offense, and the date of adjudication.

N.C. Gen. Stat. § 7B-2411. In *J.V.J.*, the court made the following findings in its written order of adjudication:

> Based on the evidence presented, the following facts have been proven beyond a reasonable doubt:
>
> The court finds that Joseph is responsible.

*J.V.J.*, 209 N.C. App. at 740, 707 S.E.2d at 638 (brackets omitted). Because section 7B-2411 requires the court to state in a written order that the allegations of the petition are proved beyond a reasonable doubt and because the adjudication order in *J.V.J.* did "not even summarily aver that 'the allegations in the petition have been proved[,]' " we held that the adjudication order in that case was deficient for failing to include appropriate findings of fact. *Id.* at 740–41, 707 S.E.2d at 638. (holding that the court "fail[ed] to include the requisite findings in its adjudication order" and noting that, "[r]ather than addressing the allegations in the petition in the [adjudication order], the court [merely] . . . indicate[d], through a fragmentary collection of words and numbers, that an offense occurred and []state[d] that Joseph was 'responsible' ").

This case is distinct from *J.V.J.* Here, Keith's written adjudication order regarding the simple assault charge states the following:

| Offense Date | Offense . . . | Date Petition Filed | F/M | Class | Status |
|---|---|---|---|---|---|
| 02/23/2012 | SIMPLE ASSAULT | 04/13/2012 | M | 2 | ☐ Delinq./Admit<br>☒ Delinq./Hearing<br>☐ Lesser<br>☐ Amended<br>☐ Dismissed |

. . . .

> The following facts have been proven beyond a reasonable doubt: . . .
>
> After hearing all testimony in this matter the court finds beyond a reasonable doubt that the juvenile committed the offense of Sexual Battery and Simple Assault and he is ADJUDICATED DELINQUENT.

**IN RE K.C.**

[226 N.C. App. 452 (2013)]

The order also includes the judge's signature, the date it was signed, and a stamp indicating that it was filed on 19 July 2012. Keith alleges that the order is insufficient because it fails to make appropriate findings and "apply the elements of the offense to the evidence." We are unpersuaded.

Unlike *J. V.J.*, the district court's adjudication in this case satisfies the minimum requirements of section 7B-2411. It provides the date of the offense,[5] the fact that the assault is a class 2 misdemeanor, the date of the adjudication, and clearly states that the court considered the evidence and adjudicated Keith delinquent as to the petition's allegation of simple assault beyond a reasonable doubt. Accordingly, the court's adjudication order satisfies section 7B-2411, and we affirm its simple assault adjudication as supported by sufficient findings of fact.

### B. The Disposition Order

[4] Keith also argues that the district court failed to enter its disposition in accordance with section 7B-2501 because it did not address certain factors required by the statute. We agree and remand to the district court for further findings of fact as to disposition.

Section 7B-2501(c) provides that,

> [i]n choosing among statutorily permissible dispositions, the court shall select the most appropriate disposition both in terms of kind and duration for the delinquent juvenile. Within the guidelines set forth in G.S. [§] 7B-2508, the court shall select a disposition that is designed to protect the public and to meet the needs and best interests of the juvenile, based upon:
>
> (1) The seriousness of the offense;
>
> (2) The need to hold the juvenile accountable;
>
> (3) The importance of protecting the public safety

---

5. Keith notes in his brief that there is a discrepancy in the record concerning the actual date of the alleged offense. While the transcript and petition indicate that the events giving rise to this case occurred on 29 February 2012, the adjudication order lists the dates as 23 February 2012 for the simple assault allegation and 22 February 2012 for the sexual battery allegation. Because the evidence in the transcript supports the conclusion that the events occurred during one full day, not two, we presume for the purposes of this opinion that 29 February 2012 is the correct date. In either circumstance, we instruct the district court to clarify this confusion on remand; however, this clerical mistake is not sufficient to invalidate its simple assault adjudication order under section 7B-2411.

    (4)   The degree of culpability indicated by the circumstances of the particular case; and

    (5)   The rehabilitative and treatment needs of the juvenile indicated by a risk and needs assessment.

N.C. Gen. Stat. § 7B-2501. The State argues that the court properly considered these factors for the following reasons: First, the court categorized Keith's simple assault offense as "minor." Second, the court discussed in the hearing

> [the] need to deal with [Keith] understanding the significance of victimizing other people and the consequences of that, okay, now, so that it doesn't continue into his adult life. . . . I mean I can even chart what he did there to adolescence [sic] exuberance or something of that nature. But, again, you know, young ladies shouldn't have to put up with that from young men.

Third, the court required Keith to complete a juvenile sex offender evaluation and comply with treatment recommendations.[6] The State provides no evidence whatsoever that the court considered factors three and four or based its determination concerning Keith's rehabilitative and treatment needs on a then-existing risk and needs assessment.

We review a lower court's alleged statutory errors *de novo. State v. Mackey*, 209 N.C. App. 116, 120, 708 S.E.2d 719, 721 (2011). Section 7B-2512 requires that the juvenile court's "dispositional order shall be in writing and shall contain appropriate findings of fact and conclusions of law [and that the] court shall state with particularity, both orally and in the written order of disposition, the precise terms of the disposition . . . ." N.C. Gen. Stat. § 7B-2512. We have interpreted that language to require the juvenile court "to make findings demonstrating that it considered the N.C.G.S. § 7B-2501(c) factors in a dispositional order entered in a juvenile delinquency matter." *In re V.M.*, __ N.C. App. __, __, 712 S.E.2d 213, 215 (2011) (citation omitted).

Assuming *arguendo* that the court's categorization of Keith's simple assault offense as "minor" and its statement that Keith needs to "learn the significance of victimizing people and learn the consequences of

---

6. Though the State does not make a distinction in its brief, this argument appears to apply exclusively to the charge of sexual battery, which we have vacated. Accordingly, it is not relevant to our consideration of the court's disposition as to simple assault.

that," sufficiently addressed the first two factors required by the statute, the record before this Court does not establish that the trial court considered the last three factors set out in section 7B-2501 — (3) the importance of protecting the public safety, (4) the degree of culpability indicated by the circumstances of the case, and (5) the rehabilitative and treatment needs of the juvenile based on a risk and needs assessment. Though there is evidence that the parties discussed a certain "report" with the juvenile court during disposition, that document was not identified or described in any way at the hearing and was not supplied in the record on appeal. We are thus unable to discern the nature of the report, and, accordingly, we hold that the court failed to make sufficient findings of fact under section 7B-2501 and remand to the district court for additional findings of fact on disposition.

### III. Ineffective Assistance of Counsel ("IAC")

[5] Finally, Keith argues that he received IAC because his counselor "failed to make proper motions to preserve the issue of sufficiency of the evidence for appellate review." We refrain from addressing this question as to either sexual battery or simple assault.

First, as to sexual battery, we refrain from addressing Keith's argument of IAC because it is moot. "A case is 'moot' when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy." *Roberts v. Madison Cnty. Realtors Ass'n*, 344 N.C. 394, 398–99, 474 S.E.2d 783, 787 (1996). Because we have vacated Keith's delinquency adjudication as to sexual battery, a decision on the question of IAC would have no practical effect on the existing controversy and is therefore moot.

Second, as to simple assault, we refrain from addressing Keith's argument of IAC because it is premature. IAC requires that the defendant party show that (1) his attorney's performance was deficient and (2) such deficient performance prejudiced his defense. *State v. Allen*, 360 N.C. 297, 316, 626 S.E.2d 271, 286, *cert. denied*, 549 U.S. 867, 166 L. Ed. 2d 116 (2006) (citation omitted). To establish deficient performance, Keith must show that his attorney's representation fell below "an objective standard of reasonableness." *Id.* To establish prejudice, Keith must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result in the proceeding would have been different." *Id.* "Decisions concerning which defenses to pursue . . . are not generally second-guessed by [the appellate] Court." *State v. Prevatte*, 356 N.C. 178, 236, 570 S.E.2d 440, 472 (2002), *cert. denied*, 538 U.S. 986, 155 L. Ed. 2d 681 (2003).

**IN RE K.C.**

[226 N.C. App. 452 (2013)]

In order to make such a showing, Keith must "overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland v. Washington*, 466 U.S. 668, 689, 80 L. Ed. 2d 674, 694–95 (1984) (citation and quotation marks omitted). That presumption is substantial and "[n]o particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant." *Id.* at 687–88, 80 L. Ed. 2d at 694.

"[B]ecause of the nature of IAC claims, defendants likely will not be in a position to adequately develop [those] claims on direct appeal." *State v. Fair*, 354 N.C. 131, 167, 557 S.E.2d 500, 525 (2001), *cert. denied*, 535 U.S. 1114, 153 L. Ed. 2d 162 (2002). "[S]hould the reviewing court determine that IAC claims have been prematurely asserted on direct appeal, it shall dismiss those claims without prejudice to the defendant's right to reassert them during a subsequent [motion for review] proceeding." *Id.*

In this case, the record is unclear on whether the performance of Keith's attorney fell below an objective standard of reasonableness or prejudiced his case as to the charge of simple assault. Accordingly, we dismiss this issue without prejudice to Keith's ability to file a motion for review and further pursue this claim.

VACATED IN PART; AFFIRMED IN PART; REMANDED IN PART; and DISMISSED IN PART.

Judges STROUD and DILLON concur.