STEPHENS, Judge.
A juvenile petition was filed in this matter on 17 February 2014, alleging that juvenile C.E.N. participated, along with another person, in the common law robbery of a pizza and $20.00 from a pizza delivery person when Juvenile was fourteen years old. Adjudicatory and disposition hearings were held on 3 July 2014. On 9 July 2014, the district court filed an order adjudicating Juvenile delinquent based on common law robbery. A Level 1 disposition order entered the same day placed Juvenile on twelve months of probation, imposed a curfew and other restrictions, and mandated Juvenile's participation in psychological and community support programs.
On 14 July 2014, Juvenile gave written notice of appeal from the adjudication order only:
NOW COMES the juvenile by and through his attorney, ... pursuant to N.C. Gen.Stat. § 7B-2602, and hereby notifies the Court of the intent of the juvenile to appeal his adjudication of delinquency entered 3 July 2014, to the Court of Appeals. The juvenile appeals adjudication pursuant to the Court's order filed 9 July 2014.
Thus, although Juvenile purports to appeal from the dispositional order as well, his arguments alleging error as to disposition are not properly before this Court and must be dismissed. See In re A .V.,188 N.C.App. 317, 321, 654 S.E.2d 811, 814 (2008) (holding that, under Rule 3(d) of the North Carolina Rules of Appellate Procedure which requires that the notice of appeal must specifically "designate the judgment or order from which appeal is taken [,]" a juvenile's notice of appeal which designates only the adjudication order and not the dispositional order deprives this Court of jurisdiction to consider any arguments alleging error in the disposition). Accordingly, we do not address Juvenile's arguments regarding the district court's disposition order. We affirm the adjudication order.
Discussion
Juvenile argues that the district court erred by (1) denying him his right to be present at "judgment"[2] and (2) making insufficient findings of fact to support its adjudication of Juvenile as delinquent. We disagree.
Juvenile first argues that, although he was in court for all of the adjudicatory portion of the hearing,[3] the district court denied him his right to be present at adjudication. He bases his argument on the following sequence of events.
At the close of the adjudication portion of the hearing, the district court announced its adjudication of Juvenile as "guilty"[4] and then immediately proceeded to disposition:
THE COURT: Upon a denial of or not guilty to common law robbery, there's a verdict of guilty. Are you ready to proceed to disposition?
[Counsel for the State]: We are, Your Honor. May I approach?
Juvenile contends that the district court "rendered an erroneous adjudication order" at the hearing by using inappropriate criminal terminology and that the written order of adjudication the court later filed represented a substantive change from the "criminal conviction" the court announced from the bench.
In support of this contention, Defendant cites our State's criminal case law:
The written judgment entered by a trial court constitutes the actual sentence imposed on a criminal defendant; the announcement of judgment in open court is merely the rendering of judgment. A defendant has a right to be present at the time a sentence is imposed. Where the written judgment represents a substantive change from the sentence pronounced by the trial court, and the defendant was not present at the time the written judgment was entered, the sentence should be vacated and the matter remanded for entry of a new sentencing judgment.
State v. Mims,180 N.C.App. 403, 413, 637 S.E.2d 244, 250 (2006) (citations and internal quotation marks omitted). Although this excerpt from Mimsis an accurate statement of criminal law, we find it inapplicable to the facts of Juvenile's case.
While it is unfortunate that the district court failed to use the proper terms in finding Juvenile responsible and adjudicating Juvenile delinquent based on his participation in a common law robbery, the meaning of the court's phrase "a verdict of guilty" was utterly clear: that Juvenile was responsible for the common law robbery and was adjudicated delinquent on that basis. We note that counsel for the State and Juvenile's hearing counsel apparently understood Juvenile's adjudication since neither asked the district court for clarification of its statement. Further, given that a juvenile who is not adjudicated delinquent must be released and receives no disposition, seeN.C. Gen.Stat. § 7B-2411 (2013), the court's subsequent inquiry about whether the parties were "ready to proceed to disposition" confirmed Juvenile's adjudication as delinquent. Thus, however unartfully phrased, the district court didadjudicate Juvenile delinquent in Juvenile's presence at the hearing and the written order adjudicating Juvenile delinquent did notrepresent a substantive change from the adjudication rendered at the hearing. This argument is overruled.
Juvenile also argues that the district court erred in making insufficient oral and written findings of fact to support its adjudication of Juvenile as delinquent. We disagree.
Our Juvenile Code provides:
If the court finds that the allegations in the petition have been proved as provided in [section] 7B-2409, the court shall so state in a written order of adjudication, which shall include, but not be limited to, the date of the offense, the misdemeanor or felony classification of the offense, and the date of adjudication. If the court finds that the allegations have not been proved, the court shall dismiss the petition with prejudice and the juvenile shall be released from secure or nonsecure custody if the juvenile is in custody.
N.C. Gen.Stat. § 7B-2411. We first note that this statute does not require the district court to make any oral findings of fact and Juvenile does not cite any other statute or case law that requires district courts to make oral findings of fact in juvenile delinquency adjudications.
Further, as this Court has recently held, a written adjudication order "satisfies the minimum requirements of section 7B-2411 [when i]t provides the date of the offense, [the class and level of the underlying offense], the date of the adjudication, and clearly states that the court considered the evidence and adjudicated [the juvenile] delinquent as to the petition's allegation ... beyond a reasonable doubt." In re K.C.,---N.C.App. ----, ----, 742 S.E.2d 239, 245, disc. review denied,367 N.C. 218, 747 S.E.2d 530 (2013). Each of these minimum requirements is met by the written adjudication order entered by the district court in Juvenile's case. Following the preprinted statement that "[t]he following facts have been proven beyond a reasonable doubt," the district court listed the six witnesses who gave testimony and then stated, "[b]ased on this testimony, the [c]ourt adjudicated the juvenile to be delinquent due to common law robbery." In addition, the adjudication order includes the offense date, the date of the adjudication, and denotes common law robbery as a Class G felony. Juvenile's contention that the court was required to make findings about each element of the offense of common law robbery is simply not supported by our case law on juvenile adjudications. See id.
The district court's adjudication order is AFFIRMED.
Juvenile's arguments regarding the disposition order are DISMISSED.
Judges STEELMAN and McCULLOUGH concur.
Report per Rule 30(e).
Opinion
Appeal by Juvenile from adjudication order entered 9 July 2014 by Judge Denise S. Hartsfield in Forsyth County District Court. Heard in the Court of Appeals 8 April 2015.

As discussed herein, Juveniles do not have "judgments" entered against them. Rather, they are found responsible and adjudicated delinquent. See, e.g., The Language of Delinquency Cases in Juvenile Court, UNC School of Government, available at http://www.sog.unc.edu/node/2906 (last visited 28 April 2015). We urge our district courts to familiarize themselves with and employ the proper terminology in juvenile matters.

We note that Juvenile was also present for the entire dispositional portion of the hearing which immediately followed the adjudicatory portion.

District courts should find juveniles responsible for delinquent acts, but should not return a "verdict of guilty." See id.