DIETZ, Judge.
R.M., a juvenile, appeals from the trial court's order adjudicating him delinquent on two counts of robbery with a dangerous weapon. The State concedes on appeal that the trial court erred by failing to enter a written order containing the findings required by N.C. Gen. Stat. § 7B-2411. We agree that this is reversible error. Accordingly, we vacate the trial court's order and remand for entry of a written adjudication order containing the findings required by the statute. Because we vacate the trial court's order, we need not address R.M.'s second argument regarding release pending appeal.
Facts and Procedural History
On 18 September 2015, the State filed juvenile petitions against R.M. for four counts of robbery with a dangerous weapon. After trial, the court adjudicated R.M. delinquent on two of the four counts of robbery with a dangerous weapon, announcing the following findings in open court:
On the plea of not responsible of a robbery with a dangerous weapon against Bobby West, the Court will adjudicate the juvenile delinquent of the charge of robbery with a dangerous weapon in a Class D felony with an offense dated September 15th, 2015 beyond a reasonable doubt.
With regard to the robbery with a dangerous weapon charge against the RJ Tobacco Mart, the Court will adjudicate the juvenile delinquent of that charge being a Class C [sic ] felony with the offense date of September 15th, 2015 beyond a reasonable doubt.
The trial court did not enter a written adjudication order containing those findings. After entry of the disposition order, R.M. timely appealed. In its appellate entries, the trial court marked "N/A" in the blanks both for release pending appeal and for reasons why release was denied.
Analysis
R.M. first argues that the trial court erred in failing to enter a written adjudication order containing the required findings of fact as mandated by N.C. Gen. Stat. § 7B-2411. The State concedes error on this issue and we agree.
N.C. Gen. Stat. § 7B-2411 requires that "[i]f the court finds that the allegations in the petition have been proved as provided in G.S. 7B-2409, the court shall so state in a written order of adjudication , which shall include, but not be limited to, the date of the offense, the misdemeanor or felony classification of the offense, and the date of adjudication." (Emphasis added.) Here, although the trial court announced its findings orally, it did not enter a written order memorializing those findings as required by the statute.
"[A]t a minimum, section 7B-2411 requires a court to state in a written order that 'the allegations in the petition have been proved [beyond a reasonable doubt].' " In re J.V.J. , 209 N.C. App. 737, 740, 707 S.E.2d 636, 638 (2011). This Court has held that where "the trial court announced in open court that it 'finds beyond a reasonable doubt that the juvenile is guilty of the offense,' " but failed to state this in a written adjudication order, "we must vacate the trial court's adjudication order and remand the matter to the trial court to make the statutorily mandated findings of fact in the juvenile's written adjudication order." In re J.J., Jr. , 216 N.C. App. 366, 372, 717 S.E.2d 59, 64 (2011).
Accordingly, we vacate the trial court's order and remand for entry of a written adjudication order containing the findings of fact required by N.C. Gen. Stat. § 7B-2411. Because we vacate the trial court's order, we need not address R.M.'s second argument regarding release pending appeal under N.C. Gen. Stat. § 7B-2605. The trial court can address that issue if R.M. seeks to appeal from the corrected order.
Conclusion
For the reasons discussed above, we vacate the trial court's order and remand for entry of a written adjudication order containing the required findings of fact.
VACATED AND REMANDED.
Report per Rule 30(e).
Judges ELMORE and TYSON concur.