IN THE MATTER OF: R.D.L., Juvenile

No. COA07-1427

(Filed 5 August 2008)

**1. Juveniles— cars damaged—insufficiency of evidence of some counts—entire adjudication remanded**

A juvenile adjudication was reversed and remanded where the proceeding arose from a series of incidents in which cars were damaged by rocks, respondent's statements did not amount to a general admission, and the State did not present substantial evidence of respondent's participation in seven of the nine offenses. It could not be determined whether the disposition order would have been altered had the trial court properly adjudicated respondent delinquent based solely on the two petitions on which the State presented sufficient evidence.

**2. Appeal and Error— preservation of issue—basis of objection at trial—oral motion for joinder at proceeding**

A juvenile did not preserve for appeal the question of whether the State's oral motion for joinder should have been written because he objected at trial on a different ground. However, even if it had been preserved, it has been held that an oral motion may be made in the judge's discretion, and respondent neither argued nor demonstrated that the trial court abused its discretion in this regard.

Appeal by Respondent from orders entered 22 August 2007 by Judge Shirley H. Brown in District Court, Buncombe County. Heard in the Court of Appeals 30 April 2008.

*Attorney General Roy Cooper, by Assistant Attorney General Alexandra Gruber, for the State.*

*Carol Ann Bauer for Respondent.*

**IN RE R.D.L.**

[191 N.C. App. 526 (2008)]

McGEE, Judge.

R.D.L. (Respondent), a juvenile, appeals from adjudication and disposition orders entered 22 August 2007. For the reasons set forth herein, we reverse seven of the nine adjudications and remand for a new disposition as to the two remaining adjudications.

Officer Jackie Stepp (Officer Stepp) of the Asheville Police Department filed nine juvenile petitions on 23 May 2007, alleging that Respondent was a delinquent juvenile, and charging that: (1) on 8 December 2006, Respondent damaged a 2007 black Chevrolet Silverado, owned by Tony Ray Clark, with an "unknown blunt object [that] was thrown and hit the truck in the passenger side"; (2) on 13 January 2007, Respondent broke two windows in a 1994 beige Ford Aerostar owned by Mary Honeycutt MacKintosh, causing damage in excess of $200.00; (3) on 13 January 2007, Respondent damaged real property at Braswell Scale and Equipment (Braswell Scale), by breaking "[w]indows on the right side of the building" and damaging the windshield of a commercial box truck; (4) on 15 January 2007, Respondent "smashed out" all the windows in a 1993 Ford Econoline van owned by "Hav A Cup, Karl Lail," causing damage in excess of $200.00; (5) on 22 January 2007, Respondent damaged the back doors and back right side of a 2007 white Chevrolet van owned by Enterprise Leasing, causing damage in excess of $200.00; (6) on 22 January 2007, Respondent broke three windows "in the back of the business" on real property owned by Braswell Scale; (7) on 13 March 2007, Respondent "shot out" the back door window of a 1993 Ford Econoline van owned by "Karl Lail, Hav A Cup"; (8) on 23 April 2007, Respondent broke four front windows of a warehouse owned by "Connie Byrd, Bruner & Lay"; and (9) on 24 April 2007, Respondent broke a glass window on the south side of the Braswell Scale building.

At the start of trial, the State moved for joinder of Respondent's case with the case involving his co-respondent, D.S. Counsel for Respondent and for D.S. objected to joinder arguing that the incidents were diverse and that there was no indication that the same individuals were involved in all of the incidents. The trial court allowed the State's motion for joinder.

John Timothy Farlow, Jr. (Mr. Farlow) testified that he was a salesman at Braswell Scale. Mr. Farlow testified that he told police about damage to personal and real property that occurred at Braswell Scale on 13 January 2007, 22 January 2007, and 24 April 2007.

IN RE R.D.L.

[191 N.C. App. 526 (2008)]

However, Mr. Farlow twice testified that he did not know which damage occurred on which date. Mr. Farlow also testified that he had a video which showed "a busted window and fireworks going off between the vehicles" on 24 April 2007. The video was admitted into evidence. Mr. Farlow testified as follows that he went with Officer Stepp to Respondent's grandmother's house:

Q What, if anything, happened there?

A We basically asked [Respondent]—you know, he didn't say a whole lot. He cried most of the time. Finally he said that he—his grandmother said, "You better tell them what's going on," and [Respondent] told us that he did do it and he told—we asked him who the third person that had been with him—wasn't in the picture, who it was, and he told us it was [D.W.] and he assured us he wouldn't be back.

Q After you spoke with Officer Stepp and met with [D.S.] and his mother and [Respondent] and his grandmother, have you had any problem since then?

A No, ma'am.

Q Have you had any windows broken out?

A No, ma'am.

Q Of vehicles or your building?

A No, ma'am.

On cross-examination, Mr. Farlow testified as follows:

Q And you don't recall what day it was that you went to [Respondent's] house?

A No. I don't. I know I've got a file at work.

Q If Officer Stepp's report indicated that was the 25th day of April, would you have any reason to doubt that?

A No.

Q When you went to the house that day, you were specifically inquiring about the incident that happened the day before?

A No. We were inquiring about all of them.

Q Well, you said that [Respondent] said he did it. Isn't it true that what he said was that he had thrown a rock at someone and had almost hit someone?

A I don't recall. He pretty much basically confessed to being at all—

Q So you don't recall the exact words he said?

A No.

Q And you didn't write them down?

A No.

Tony Clark (Mr. Clark) testified regarding an incident that occurred on 8 December 2006. Mr. Clark testified that as he drove past Hillside Mobile Home Park on Sweeten Creek Road, he "felt and heard [a] wild bang on [his] truck." Mr. Clark pulled over and saw "a big dent on the rear-passenger side of the truck." Mr. Clark further testified that as soon as he heard the thump on his truck, he looked back and saw two or three people running near the road and "up under the trees." Mr. Clark identified D.S. as one of the people he saw running near the road on 8 December 2006, but he could not identify Respondent.

Officer Stepp testified that she showed D.S. a still photograph derived from the video taken on 24 April 2007, and D.S. admitted that he was one of the individuals in the photograph. Officer Stepp also testified that D.S. identified Respondent as the other person in the photograph, and that Respondent admitted that he was the other person in the photograph. Officer Stepp also testified that she went to Respondent's grandmother's house:

We went up there, just talked about what had happened. As he said, [Respondent] was pretty upset about the situation. [Respondent] admitted that he threw the rock. [Respondent] specifically said, "Yeah, it's me in the picture. Yeah, I threw the rock." [Respondent] also stated that back in January, when the most damage was done to the properties, that it was he, [D.S.], and [D.W.]

On cross-examination, Officer Stepp twice clarified that Respondent admitted involvement in only two incidents at Braswell Scale. She testified that Respondent "also stated that he's thrown rocks at vehicles[,]" but that Respondent did not admit to hitting a vehicle with a rock. Officer Stepp further testified that she did not question Respondent about any specific incidents other than the 24 April 2007 incident at Braswell Scale.

IN RE R.D.L.

[191 N.C. App. 526 (2008)]

At the close of the State's evidence, Respondent's counsel moved to dismiss. Respondent's counsel conceded that the State had offered sufficient evidence of the 13 January 2007 and 24 April 2007 incidents at Braswell Scale. However, Respondent's counsel moved to dismiss the remaining seven petitions for insufficient evidence. The trial court denied the motion. Respondent did not present evidence.

In an adjudication order entered 22 August 2007, the trial court adjudicated Respondent delinquent "by reason of four counts of injury to real property in violation of G.S. 14-127 and five counts of injury to personal property in violation of G.S. 14-160." The trial court entered a Level 1 disposition on 22 August 2007, which: (1) placed Respondent on probation for a period of twelve months; (2) ordered Respondent to serve 100 hours of community service; (3) imposed a curfew upon Respondent; (4) ordered that Respondent not associate with D.S. or D.W.; (5) ordered that Respondent not be on the property of "Hav A Cup, Braswell Scale, [and] Brunner & Lay, Inc."; and (6) ordered Respondent's "[p]arent to contact Western Highlands within 10 days to schedule an appointment for [Respondent] to be assessed for mental health services." Respondent appeals.

I.

[1] Respondent first argues the trial court erred by denying his motion to dismiss seven of the nine juvenile petitions. Respondent contends that the State's evidence against him in seven of the nine petitions was "weak to the point of being mere speculation." We agree.

In reviewing a motion to dismiss a juvenile petition, courts must consider the evidence in the light most favorable to the State, which is entitled to every reasonable inference that may be drawn from the evidence. *In re Brown*, 150 N.C. App. 127, 129, 562 S.E.2d 583, 585 (2002). "Where the juvenile moves to dismiss, the trial court must determine 'whether there is substantial evidence (1) of each essential element of the offense charged, . . . and (2) of [the] [juvenile's] being the perpetrator of such offense.' " *In re Heil*, 145 N.C. App. 24, 28, 550 S.E.2d 815, 819 (2001) (quoting *State v. Powell*, 299 N.C. 95, 98, 261 S.E.2d 114, 117 (1980)). " 'Substantial evidence is relevant evidence which a reasonable mind might accept as adequate to support a conclusion.' " *In re S.R.S.*, 180 N.C. App. 151, 156, 636 S.E.2d 277, 281 (2006) (quoting *State v. Wood*, 174 N.C. App. 790, 795, 622 S.E.2d 120, 123 (2005)). If the evidence raises merely " 'suspicion or conjecture as to either the commission of the offense or the identity of the [juve-

nile] as the perpetrator of it, the motion should be allowed.' " *In re Heil*, 145 N.C. App. at 28, 550 S.E.2d at 819 (quoting *Powell*, 299 N.C. at 98, 261 S.E.2d at 117).

· In the case before us, the State did not present individualized proof of each of the offenses charged in the nine petitions. In fact, the State did not present any testimony from the property owners, other than Mr. Farlow and Mr. Clark, whose real and personal property was allegedly damaged. Rather, in its brief, the State contends that Respondent made a general admission at trial to all nine offenses:

> Six of the incidents occurred in close temporal and physical proximity, and all six involved cars being damaged by rocks. [Respondent] confessed that he threw rocks at cars. [Respondent] also said "it would stop." [Mr.] Farlow, who was with Officer Stepp during the interviews, considered [Respondent's] statements to implicate [Respondent] in the several incidents when cars were damaged. Here, the trial court properly considered [Respondent's] statements to be a general admission that he participated in all nine incidents of vandalism.

The State also points to the following evidence as sufficient to survive Respondent's motion to dismiss:

> The evidence at trial also included the picture of [Respondent] and [D.S.] taken from the surveillance camera. Both [D.S.] and [Respondent] lived within a short walking distance from the road and businesses where the vandalism occurred, and there was a trail leading from [D.S.'s] residence to Braswell Scale. Finally, once the juveniles were directly questioned, both tearfully admitted their actions and promised to stop, and no further incidents occurred at Braswell Scale, the primary victim.

We cannot agree with the State that Respondent's statements amounted to a general admission, nor can we agree that the State presented substantial evidence of Respondent's participation in the seven challenged offenses. Officer Stepp testified that she did not question Respondent about any specific incidents other than the 24 April 2007 incident at Braswell Scale. She also testified that Respondent did not admit to hitting any vehicles with rocks. Moreover, although Mr. Farlow testified that Respondent said that he "did do it," it appears from the context of this testimony that Respondent was admitting his involvement in the 24 April 2007 incident at Braswell Scale that had been captured on videotape. Directly

following Mr. Farlow's testimony that Respondent said he "did do it," Mr. Farlow further testified that "we asked him who the third person that had been with him—wasn't in the picture, who it was, and he told us it was [D.W.] and he assured us he wouldn't be back." The State also asked Mr. Farlow whether there had been any more damage at Braswell Scale since meeting with Respondent, and Mr. Farlow said there had not. This further demonstrates that any admission made by Respondent at that meeting related to incidents at Braswell Scale. Furthermore, because Mr. Farlow was employed by Braswell Scale, any admission that Respondent made to him and Officer Stepp logically would have related to the incidents at Braswell Scale.

We recognize that Officer Stepp testified that "[Respondent] also stated that back in January, when the most damage was done to the properties, that it was [Respondent], [D.S.], and [D.W.]" However, the transcript does not reflect that Officer Stepp questioned Respondent about each particular incident that occurred in January 2007. Officer Stepp's testimony does not reveal the "properties" to which she was referring. Therefore, the record is too ambiguous for this statement to amount to a general admission that Respondent committed the offenses that allegedly occurred in January 2007.

As to the other evidence cited by the State, the photograph of Respondent only tied him to the 24 April 2007 incident at Braswell Scale, and Respondent did not move to dismiss that petition. Furthermore, the fact that Respondent lived in close proximity to the area where the damage occurred does not provide substantial evidence that Respondent was the perpetrator of the offenses. As to the fact that there was no more damage at Braswell Scale following the meeting with Respondent, this merely demonstrates that Respondent's admission to Mr. Farlow and Officer Stepp was confined to incidents at Braswell Scale.

In sum, the State failed to present substantial evidence that Defendant was the perpetrator of the seven offenses that he moved to dismiss. Specifically, although Mr. Clark identified D.S. as one of the people he saw running near the road after he felt and heard the "bang" on his truck, Mr. Clark could not identify Respondent as a perpetrator of that offense. Mary Honeycutt MacKintosh did not testify and there was no other evidence to establish that Respondent broke two windows of her 1994 beige Ford Aerostar. Neither Karl Lail, nor any other representative from Hav A Cup, testified that Respondent caused damage to a 1993 Ford Econoline van on two different occa-

IN RE R.D.L.

[191 N.C. App. 526 (2008)]

sions. Likewise, no representative from Enterprise Leasing testified that Respondent caused damage to the back doors and back right side of a 2007 white Chevrolet van. Respondent did not admit to any violation at Braswell Scale on 22 January 2007, and Mr. Farlow did not testify as to this specific incident. Finally, neither Connie Byrd, nor any other representative of Brunner & Lay, testified that Respondent broke four front windows of Brunner & Lay's warehouse.

For all the reasons stated above, we hold that the evidence merely raised " 'suspicion or conjecture' " as to Respondent's participation in the acts charged in the challenged juvenile petitions. *See In re Heil*, 145 N.C. App. at 28, 550 S.E.2d at 819 (quoting *Powell*, 299 N.C. at 98, 261 S.E.2d at 117). Accordingly, we hold the trial court erred by denying Respondent's motion to dismiss those petitions. We thus reverse and remand said adjudications with instructions to dismiss those petitions.

In *State v. Gilley*, 135 N.C. App. 519, 522 S.E.2d 111 (1999), *cert. denied*, 353 N.C. 528, 549 S.E.2d 860 (2001), our Court remanded the case for re-sentencing·after we determined that one conviction must be vacated and that the trial court had consolidated numerous convictions for sentencing. *Id.* at 530-31, 522 S.E.2d at 118. Moreover, in *State v. Brown*, 350 N.C. 193, 513 S.E.2d 57 (1999), our Supreme Court stated that an appellate court cannot "assume that the trial court's consideration of two offenses, as opposed to one, had no affect [sic] on the sentence imposed." *Id.* at 213, 513 S.E.2d at 70.

In the case before us, the trial court determined that Respondent had a low delinquency history level. Moreover, the offenses with which Respondent was charged are Class 1 and 2 misdemeanors, which are classified as minor offenses. N.C. Gen. Stat. § 7B-2508(a)(3) (2007). Based upon the table under N.C. Gen. Stat. § 7B-2508(f) (2007), a juvenile with a low delinquency history who commits a minor offense is subject to a Level 1 disposition. Accordingly, after the trial court found that Respondent had committed nine minor offenses, the trial court properly classified Respondent at the lowest Level 1 for dispositional purposes. The trial court then entered a disposition order with six specific dispositions.

We recognize that these are among the most lenient of dispositional alternatives available for delinquent juveniles. *See* N.C. Gen. Stat. § 7B-2506 (2007). We further recognize that while there are fundamental distinctions between criminal trials and juvenile proceedings, we believe that the decisions of our Courts in which we have

remanded a case for re-sentencing for non-vacated convictions are instructive. We are unable to determine whether the trial court would have altered the disposition order had the trial court properly adjudicated Respondent delinquent based solely upon the two petitions in support of which the State submitted sufficient evidence. Although we recognize that, upon remand, this case could result in the same disposition based solely upon the two valid adjudications, we must remand it nonetheless for a new disposition. *Gilley*, 135 N.C. App. at 530-31, 522 S.E.2d at 118; *Brown*, 350 N.C. at 213-14, 513 S.E.2d at 70.

## II.

**[2]** Respondent also argues the trial court erred by "allowing the State's oral motion for joinder of the juveniles' cases for trial in that the motion was not written as required by [N.C. Gen. Stat.] § 15A-926(b)(2)." However, at trial, Respondent did not object to joinder on this ground. Rather, Respondent argued that the incidents were diverse and that there was no indication that the same individuals were involved in all of the incidents. Therefore, Respondent failed to preserve the argument he now attempts to assert on appeal. *See* N.C.R. App. P. 10(b)(1) (stating that "[i]n order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context"); *State v. Frye*, 341 N.C. 470, 496, 461 S.E.2d 664, 677 (1995), *cert. denied*, 517 U.S. 1123, 134 L. Ed. 2d 526 (1996) (holding that the "[d]efendant objected to the evidence on only one ground; thus, he failed to preserve the additional grounds presented on appeal").

However, even assuming *arguendo* that Respondent preserved this issue, Respondent's argument lacks merit. In *State v. Fink*, 92 N.C. App. 523, 375 S.E.2d 303 (1989), our Court held that a joinder motion "need not be *written* if made at a hearing, and, in the judge's discretion, the motion may be made orally even at the beginning of trial." *Id.* at 529, 375 S.E.2d at 306-07 (citing N.C. Gen. Stat. §§ 15A-926(b)(2), 15A-951(a), 15A-952(b), (f) (1988); *State v. Slade*, 291 N.C. 275, 281-82, 229 S.E.2d 921, 926 (1976)). Respondent has neither argued, nor demonstrated, that the trial court abused its discretion in this regard. We overrule this assignment of error.

Respondent has abandoned his first assignment of error by failing to set forth argument in support thereof. *See* N.C.R. App. P. 28(b)(6).

STATE v. DAVIS

[191 N.C. App. 535 (2008)]

Reversed in part and remanded.

Judges ELMORE and JACKSON concur.