BERGER, Judge.
 

 *699
 
 Juvenile-defendant, I.W.P. ("Roy"),
 
 [1]
 
 appeals from the trial court's order adjudicating him delinquent. Roy contends the trial court erred by (1) denying his motion to dismiss; (2) failing to make proper findings of fact in the adjudication order; (3) failing to make proper findings of fact in the dispositional order; (4) violating N.C. Gen. Stat. § 7B-2501(c) ; and (5) ordering the chief court counselor to direct him to complete community service. We dismiss in part, affirm in part, and remand in part.
 

 Factual and Procedural Background
 

 On June 8, 2016, a group of students at East Alexander Middle School decided to pull a fire alarm on the last day of school. Roy encouraged W.S. ("Wilson") several times to pull the fire alarm, which Wilson eventually did that afternoon. After the alarm sounded, Roy, Wilson, and other students ran away. According to the School Resource Officer, activation of the fire alarm resulted in "total chaos," causing children to be pushed and stepped on while attempting to exit the building. The officer swore out juvenile petitions against Roy and Wilson for disorderly conduct.
 

 On August 10, 2016, an adjudication hearing was held in Alexander County District Court. Wilson testified that Roy and another student asked him four different times during at least two classes to pull the fire alarm. Around noon, Wilson pulled the fire alarm.
 

 At the close of State's evidence, Roy made a motion to dismiss the charge based upon insufficiency of the evidence. The trial court denied his motion to dismiss. Roy decided to put on evidence and testified in his own defense, denying that he encouraged or forced Wilson to pull the fire alarm. Roy did not renew his motion to dismiss at the close of all of the evidence.
 

 Roy, who was already on juvenile probation, was adjudicated delinquent by the trial court. At disposition, the trial court continued Roy's prior probationary period, and entered a new dispositional order directing him to complete counseling; follow the counselor's recommendations; comply with a curfew set by his parents or counselor; not associate with anyone or be in any place deemed inappropriate by his parents or counselor; not violate any laws or rules at home; attend school on a regular basis; not possess any controlled substances, alcoholic beverages, or weapons; submit to random drug testing; and perform fifty hours of community service. The trial court also ordered a new probationary period for twelve months from August 10, 2016. The trial court also entered a specific dispositional provision that Roy not associate, assault, harass, or threaten Wilson because of a threat Roy had made. Roy entered notice of appeal in open court.
 

 Analysis
 

 I.
 
 Adjudication
 

 Roy contends the trial court erred at the adjudication hearing by failing to grant his motion to dismiss at the close of the State's case-in-chief, and by failing to make sufficient findings of fact to prove he committed disorderly conduct. We affirm.
 

 A.
 
 Sufficiency of the Evidence
 

 When denying a motion to dismiss for insufficient evidence, the "court must determine whether there is substantial evidence (1) of each essential element of the offense charged, and (2) of the juvenile[ ] being the perpetrator of such offense."
 
 In re K.C.
 
 ,
 
 226 N.C. App. 452
 
 , 456,
 
 742 S.E.2d 239
 
 , 242 (2013) (citation, quotation marks, brackets, and ellipses omitted). " 'The evidence must be such that, when it is viewed in the light most favorable to the State, it is sufficient to raise more than a suspicion or possibility of the respondent's guilt.' "
 

 Id.
 

 (quoting
 
 In re Walker
 
 ,
 
 83 N.C. App. 46
 
 , 48,
 
 348 S.E.2d 823
 
 , 824 (1986) ). "If the evidence raises merely suspicion or conjecture as to either the commission of the offense or the identity
 
 *700
 
 of the juvenile as the perpetrator of it, the motion should be allowed."
 
 In re R.D.L.
 
 ,
 
 191 N.C. App. 526
 
 , 530-31,
 
 664 S.E.2d 71
 
 , 73-74 (2008) (citation, internal quotation marks, and brackets omitted).
 

 A defendant must properly preserve issues at trial to permit appellate review. For this court to review purported errors from a trial court's denial of a motion to dismiss for insufficiency of the evidence in criminal cases, a motion to dismiss must be made either at the close of the State's case, or at the close of all of the evidence. N.C.R. App. P. 10(a)(3) (2017).
 

 If a defendant makes such a motion after the State has presented all its evidence and has rested its case and that motion is denied and the defendant then introduces evidence, defendant's motion for dismissal or judgment in case of nonsuit made at the close of State's evidence is waived. Such a waiver precludes the defendant from urging the denial of such motion as a ground for appeal.
 

 A defendant may make a motion to dismiss the action, or for judgment as in case of nonsuit, at the conclusion of all the evidence, irrespective of whether defendant made an earlier such motion. If the motion at the close of all the evidence is denied, the defendant may urge as ground for appeal the denial of the motion made at the conclusion of all the evidence. However, if a defendant fails to move to dismiss the action, or for judgment as in case of nonsuit, at the close of all the evidence, defendant may not challenge on appeal the sufficiency of the evidence to prove the crime charged.
 

 Id.
 

 After putting on evidence, a "defendant may preserve [his] argument for appeal only by renewing the motion at the close of all evidence."
 
 In re Hodge
 
 ,
 
 153 N.C. App. 102
 
 , 107,
 
 568 S.E.2d 878
 
 , 881,
 
 appeal dismissed and disc. review denied
 
 ,
 
 356 N.C. 613
 
 ,
 
 574 S.E.2d 681
 
 (2002).
 

 Here, the trial court denied Roy's motion to dismiss at the close of the State's evidence, finding the State had presented sufficient evidence of disorderly conduct based on the testimony of the School Resource Officer and another student. Roy then presented evidence, but failed to renew his motion to dismiss at the close of all evidence. Thus, Roy failed to preserve this issue for appeal.
 
 See
 
 N.C.R. App. P. 10(a)(3). Roy concedes that his trial counsel did not renew the motion to dismiss at the close of all the evidence, and he has waived appellate review of this assignment of error.
 

 Roy does, however, request this Court to suspend appellate rules and review his argument pursuant to Rule 2. This Court can hear issues not properly preserved pursuant to Rule 2 in order "[t]o prevent manifest injustice to a party ... upon application of a party or upon its own initiative, and may order proceedings in accordance with its directions." N.C.R. App. P. 2 (2017). "The Supreme Court and this Court have regularly invoked [ Rule 2 ] in order to address challenges to the sufficiency of the evidence to support a conviction."
 
 State v. Gayton-Barbosa
 
 ,
 
 197 N.C. App. 129
 
 , 134,
 
 676 S.E.2d 586
 
 , 590 (2009) (citation omitted). However, Rule 2"should only be invoked rarely and in exceptional circumstances."
 
 Id.
 
 at 134,
 
 676 S.E.2d at 589
 
 (citation and internal quotation marks omitted);
 
 see also
 

 Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.
 
 ,
 
 362 N.C. 191
 
 , 196,
 
 657 S.E.2d 361
 
 , 364 (2008). Further, "precedent cannot create an automatic right to review via Rule 2. Instead, whether an appellant has demonstrated that his matter is the rare case meriting suspension of our appellate rules is always a discretionary determination to be made on a case-by-case basis."
 
 State v. Campbell
 
 ,
 
 369 N.C. 599
 
 , 603,
 
 799 S.E.2d 600
 
 , 603 (2017).
 

 Notably, our Supreme Court stated invoking Rule 2"must necessarily be made in light of the
 
 specific circumstances of individual cases and parties
 
 , such as whether substantial rights of an appellant are affected."
 

 Id.
 

 at 603
 
 ,
 
 799 S.E.2d at 602
 
 (citation and quotation marks omitted);
 
 see also
 

 State v. Sanders
 
 ,
 
 312 N.C. 318
 
 , 320,
 
 321 S.E.2d 836
 
 , 837 (1984) ;
 
 State v. Hart
 
 ,
 
 361 N.C. 309
 
 , 316,
 
 644 S.E.2d 201
 
 , 205 (2007) (" Rule 2 'expresses an obvious residual power possessed by any authoritative rule-making body to suspend or vary operation of its published rules in specific cases
 
 where this is necessary to accomplish a
 

 *701
 

 fundamental purpose of the rules
 
 .' " (quoting N.C.R. App. P. 2 drafting comm. comment. (1975) ).
 

 Here, the State's evidence tended to show Roy encouraged Wilson to pull the fire alarm several times throughout the school day resulting in chaos on school grounds which endangered students. Roy's actions "[d]isrupt[ed], disturb[ed] [and] interfere[d] with the teaching of students ... [and] disturb[ed] the peace, order or discipline" at the middle school.
 
 N.C. Gen. Stat. § 14-288.4
 
 (6) (2017). Moreover, Roy subsequently harassed Wilson about talking with law enforcement.
 

 Where there is sufficient evidence for each element of a criminal offense, manifest injustice cannot exist and suspension of appellate rules is not justified. We decline to invoke Rule 2 and dismiss Roy's appeal on this issue.
 

 B.
 
 Adjudication Order
 

 Roy next contends the trial court did not make sufficient findings of fact to sustain the delinquency adjudication of disorderly conduct. We disagree.
 

 The General Assembly has established that adjudication orders must contain the following:
 

 If the court finds that the allegations in the petition have been proved as provided in G.S. 7B-2409,
 
 [2]
 
 the court shall so state in a written order of adjudication, which shall include, but not be limited to, the date of the offense, the misdemeanor or felony classification of the offense, and the date of adjudication.
 

 N.C. Gen. Stat. § 7B-2411 (2017). Section 7B-2411"does not specifically require that an adjudication order contain appropriate findings of fact."
 
 In re J.V.J.
 
 ,
 
 209 N.C. App. 737
 
 , 740,
 
 707 S.E.2d 636
 
 , 638 (2011) (citation and internal quotation marks omitted). "Nevertheless, at a minimum, [S]ection 7B-2411 requires a court to state in a written order that the allegations in the petition have been proved beyond a reasonable doubt."
 

 Id.
 

 (citation, internal quotation marks, and brackets omitted).
 

 The petition against Roy alleged that he was a delinquent juvenile by stating that on June 8, 2016, he
 

 did unlawfully and intentionally disrupt, disturb or interfere with the teaching of students or engage in conduct that disturbed the peace, order or discipline at East Alexander Middle School, a public or private educational institution, or on the grounds adjacent thereto, by encouraging [a] student to pull the fire alarm[.]
 

 Consistent with N.C. Gen. Stat. § 7B-2411, the trial court found that, on June 8, 2016, Roy committed the offense of disorderly conduct and was a delinquent juvenile by "encourage[ing] another student to pull the fire alarm on the last day of class." The trial court properly classified the offense as a Class 2 misdemeanor, and concluded that Roy was a delinquent juvenile.
 

 The trial court's adjudication order satisfied Section 7B-2411 because: (1) disorderly conduct was identified as the type of offense; (2) June 8, 2016 was listed as the date of the offense; and (3) July 15, 2016 was listed as the date the petition was filed. Additionally, the adjudication order contained delinquency hearing as the type of proceeding, the judge's signature, and date and proof of filing. The adjudication order also included a description of Roy's specific conduct, and made the subsequent conclusion of law indicating delinquency. Therefore, the adjudication order had the necessary requirements set forth in N.C. Gen. Stat. § 7B-2411.
 

 The trial court did, however, make a clerical error by failing to mark the appropriate box in the conclusion of law section of the pre-printed form portion of the order to designate the offense as violent, serious, or minor.
 

 "A clerical error is an error resulting from a minor mistake or inadvertence, especially in writing or copying something on the record, and not from judicial reasoning or determination."
 

 *702
 

 In re J.C.
 
 ,
 
 235 N.C. App. 69
 
 , 73,
 
 760 S.E.2d 778
 
 , 781 (2014),
 
 rev'd on other grounds
 
 ,
 
 368 N.C. 89
 
 ,
 
 772 S.E.2d 465
 
 (2015) (citation and quotation marks omitted). The discovery of a clerical error in the trial court's order requires this Court to "remand the case to the trial court for correction because of the importance that the record speak the truth."
 

 Id.
 

 (citation and internal quotation marks omitted).
 

 As stated above, the trial court properly designated the offense as a Class 2 misdemeanor, but simply neglected to mark the appropriate box to again identify the offense in the conclusion of law section. Accordingly, we remand for correction of this clerical error.
 

 II.
 
 Disposition
 

 Roy contends the dispositional order fails to comply with N.C. Gen. Stat. §§ 7B-2512(a) and 7B-2501(c). Specifically, Roy argues the trial court failed to consider the dispositional factors listed in Section 7B-2501(c), and the dispositional order as a whole did not contain appropriate findings of fact and conclusions of law. We agree.
 

 At a disposition hearing, the trial court shall enter a dispositional order that seeks to "design an appropriate plan to meet the needs of the juvenile and to achieve the objectives of the State in exercising jurisdiction, including the protection of the public." N.C. Gen. Stat. § 7B-2500 (2017). The disposition should "(1) [p]romote[ ] public safety; (2) [e]mphasize[ ] accountability and responsibility of both the parent, guardian, or custodian and the juvenile for the juvenile's conduct; and (3) [p]rovide[ ] the appropriate consequences, treatment, training, and rehabilitation to assist the juvenile toward becoming a nonoffending, responsible, and productive member of the community."
 

 Id.
 

 ;
 
 see
 

 In re Brownlee
 
 ,
 
 301 N.C. 532
 
 , 551,
 
 272 S.E.2d 861
 
 , 872-73 (1981).
 

 When entering a dispositional order, "the court may consider written reports or other evidence concerning the needs of the juvenile. The court may consider any evidence ... that the court finds to be relevant, reliable, and necessary to determine the needs of the juvenile and the most appropriate disposition." N.C. Gen. Stat. § 7B-2501(a) (2017).
 

 The trial court must comply with the following requirements when entering a dispositional order:
 

 (a) The dispositional order shall be in writing and shall contain appropriate findings of fact and conclusions of law. The court shall state with particularity, both orally and in the written order of disposition, the precise terms of the disposition including the kind, duration, and the person who is responsible for carrying out the disposition and the person or agency in whom custody is vested.
 

 (b) The court shall include information at the time of issuing the dispositional order, either orally in court or in writing, on the expunction of juvenile records as provided for in G.S. 7B-3200 that are applicable to the dispositional order.
 

 N.C. Gen. Stat. § 7B-2512(a) - (b) (2017). Further, the trial court
 

 shall select the most appropriate disposition both in terms of kind and duration for the delinquent juvenile. Within the guidelines set forth in G.S. 7B-2508, the court shall select a disposition that is designed to protect the public and to meet the needs and best interests of the juvenile, based upon:
 

 (1) The seriousness of the offense;
 

 (2) The need to hold the juvenile accountable;
 

 (3) The importance of protecting the public safety;
 

 (4) The degree of culpability indicated by the circumstances of the particular case; and
 

 (5) The rehabilitative and treatment needs of the juvenile indicated by a risk and needs assessment.
 

 N.C. Gen. Stat. § 7B-2501(c) (2017).
 

 The plain language of Section 7B-2501(c) compels us to find that a trial court must consider each of the five factors in crafting an appropriate disposition. The General Assembly mandated that trial courts "shall select a disposition" that protects the public and is in the best interest of the juvenile "based upon" consideration of a conjunctive
 
 *703
 
 list of factors.
 

 Id.
 

 "It is a common rule of statutory construction that when the conjunctive 'and' connects words, phrases or clauses of a statutory sentence, they are to be considered jointly."
 
 Harrell v. Bowen
 
 ,
 
 179 N.C. App. 857
 
 , 859,
 
 635 S.E.2d 498
 
 , 500 (2006),
 
 aff'd
 
 ,
 
 362 N.C. 142
 
 ,
 
 655 S.E.2d 350
 
 (2008) (citation and quotation marks omitted).
 

 In fact, this Court has previously held the trial court must consider each of the factors in Section 7B-2501(c).
 
 See
 

 In re Ferrell
 
 ,
 
 162 N.C. App. 175
 
 , 177,
 
 589 S.E.2d 894
 
 , 895 (2004) ;
 
 In re V.M.
 
 ,
 
 211 N.C. App. 389
 
 , 391-92,
 
 712 S.E.2d 213
 
 , 215 (2011) ;
 
 K.C.
 
 ,
 
 226 N.C. App. 452
 
 , 462,
 
 742 S.E.2d 239
 
 , 246 ; and
 
 In re G.C.
 
 ,
 
 230 N.C. App. 511
 
 , 519,
 
 750 S.E.2d 548
 
 , 553 (2013). However, this Court recently held, contrary to precedent, that the trial court does not need to consider all of the Section 7B-2501(c) factors when entering a dispositional order.
 
 In re D.E.P.
 
 , --- N.C. App. ----, ----,
 
 796 S.E.2d 509
 
 , 514 (2017). This inconsistency has created a direct conflict in this Court's prior jurisprudence and must be reconciled.
 

 In
 
 Ferrell
 
 , the juvenile appealed from the entry of a dispositional order that removed him from the custody of his mother and placed him in the custody of his father pursuant to Section 7B-2506(1)(b), which allows the trial court to arrange for alternative placements for the juvenile.
 
 Ferrell
 
 ,
 
 162 N.C. App. at 176
 
 ,
 
 589 S.E.2d at
 
 895 ;
 
 see also
 
 N.C. Gen. Stat. § 7B-2506(1)(b) (2017). On appeal, the juvenile contended the trial court failed to make findings of fact sufficient to support a change in custody.
 
 Ferrell
 
 ,
 
 162 N.C. App. at 176
 
 ,
 
 589 S.E.2d at 895
 
 . This Court agreed that the custody transfer "was not supported by appropriate findings of fact in the dispositional order."
 
 Id.
 
 at 177,
 
 589 S.E.2d at 895
 
 . Moreover, this Court held that the trial court "based the decision to award custody to the father solely on the juvenile's school absences."
 

 Id.
 

 The trial court did not consider the factors in Section 7B-2501(c).
 

 Id.
 

 In
 
 V.M.
 
 , the juvenile appealed from the entry of a dispositional order entered from a probation violation pursuant to Section 7B-2510(e), contending that the trial court did not sufficiently consider all of the Section 7B-2501(c) factors when entering the disposition.
 
 V.M.
 
 ,
 
 211 N.C. App. at 389-91
 
 ,
 
 712 S.E.2d at 214-15
 
 . This Court held "the trial court must consider" each Section 7B-2501(c) factor and failing to do so amounts to reversible error.
 
 Id.
 
 at 391-92,
 
 712 S.E.2d at 215-16
 
 .
 

 In
 
 K.C.
 
 , the juvenile appealed from the entry of a dispositional order pursuant to Sections 7B-2512 and 7B-2501.
 
 K.C.
 
 ,
 
 226 N.C. App. at 461-62
 
 ,
 
 742 S.E.2d at 246
 
 . This Court held the trial court "sufficiently addressed the first two [ Section 7B-2501(c) ] factors required by the statute, [but] the record before this Court does not establish that the trial court considered the last three factors."
 
 Id.
 
 at 463,
 
 742 S.E.2d at 246
 
 . This Court remanded the dispositional order to the trial court to consider all Section 7B-2501(c) factors.
 

 Id.
 

 In
 
 G.C.
 
 , the juvenile appealed from an initial dispositional order entered pursuant to Sections 7B-2512 and 7B-2501.
 
 G.C.
 
 ,
 
 230 N.C. App. at 519-20
 
 ,
 
 750 S.E.2d at 553-54
 
 . This Court stated that "trial courts must develop the final disposition by considering five different factors," i.e., the factors listed in Section 7B-2501(c).
 
 Id.
 
 at 519,
 
 750 S.E.2d at 553
 
 . This Court held that the trial court "adequately addressed all of the § 7B-2501(c) statutory factors."
 
 Id.
 
 at 521,
 
 750 S.E.2d at 555
 
 .
 

 In
 
 D.E.P.
 
 , however, a panel of this Court departed from the plain language of Section 7B-2501(c) and prior decisions of this Court. In that case, the juvenile appealed from a dispositional order that imposed a Level 3 disposition and commitment to a training school because the juvenile had violated probationary conditions pursuant to Section 7B-2510(e) as part of a previous Level 2 disposition from a previous delinquency adjudication.
 
 D.E.P.
 
 , --- N.C. App. at ----,
 
 796 S.E.2d at 511-12
 
 .
 
 D.E.P.
 
 recognized that prior cases had required the trial court to analyze and track each factor found in Section 7B-2501(c) in its dispositional order, but held that the trial court did not need to consider each of the Section 7B-2501(c) factors.
 

 Id.
 

 at ----,
 
 796 S.E.2d at 513-14
 
 . The panel stated:
 

 Upon careful review of the statutory language and our prior jurisprudence, we find no support for a conclusion that in every
 
 *704
 
 case the "appropriate" findings of fact must make reference to all of the factors listed in N.C. Gen. Stat. § 7B-2501(c), including those factors that were irrelevant to the case or in regard to which no evidence was introduced.
 

 Id.
 

 at ----,
 
 796 S.E.2d at 514
 
 .
 

 Despite holding that the trial court does not need to engage in an exhaustive discussion of all Section 7B-2501(c) factors, the Court in
 
 D.E.P.
 
 did analyze the appealed dispositional order and held that the trial court did consider all of the Section 7B-2501(c) factors appropriately in that case.
 

 Id.
 

 at ----,
 
 796 S.E.2d at 515-16
 
 . Furthermore,
 
 D.E.P.
 
 also held that this Court did not apply
 
 Ferrell
 
 correctly, and that this "mischaracterization of
 
 Ferrell
 
 was repeated in several later cases" holding that the trial court must consider each Section 7B-2501(c) factor.
 

 Id.
 

 at ----,
 
 796 S.E.2d at 513
 
 .
 
 G.C.
 
 and
 
 K.C.
 
 , however, were not based on
 
 Ferrell
 
 , but rather this Court's interpretation of the plain language of Section 7B-2501(c).
 

 More importantly, our Supreme Court has instructed this Court, "[w]here a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court."
 
 In re Civil Penalty
 
 ,
 
 324 N.C. 373
 
 , 384,
 
 379 S.E.2d 30
 
 , 37 (1989).
 
 D.E.P.
 
 created a direct conflict in this area of the law by deviating from precedent. "[W]here there is a conflicting line of cases, a panel of this Court should follow the older of those two lines."
 
 Respess v. Respess
 
 ,
 
 232 N.C. App. 611
 
 , 625,
 
 754 S.E.2d 691
 
 , 701 (2014) (citation and quotation marks omitted). Accordingly,
 
 Ferrell
 

 ,
 

 V.M.
 

 ,
 

 G.C.
 

 ,
 
 and
 
 K.C.
 
 are controlling, and we hold that a trial court must consider each of the factors in Section 7B-2501(c) when entering a dispositional order.
 

 The trial court here ordered the following disposition: (1) a term of twelve months' probation; (2) cooperation with a specified community-based program of counseling; (3) fifty hours of community service; (4) curfew as set by parents or the juvenile court counselor; (5) not to associate with persons deemed inappropriate by parents or the juvenile court counselor, including Wilson; and (6) restricted access to particular locations deemed inappropriate by parents or the juvenile court counselor.
 
 [3]
 
 The trial court also incorporated by reference and attachment a Supplemental Order of Conditions of Probation, which addressed further details of Roy's Level 1 Disposition.
 

 While the trial court appropriately addressed three of the Section 7B-2501(c) factors, it did not consider each factor in that section. Section 7B-2501(c)(2) addresses the need to hold the juvenile accountable. Here, the trial court held Roy accountable by imposing a twelve month probationary sentence for this offense, the maximum allowed pursuant to N.C. Gen. Stat. § 7B-2510(c). In addition, the trial court imposed probationary conditions that specifically addressed Section 7B-2501(c)(3) and (5) : the need for public safety, and the treatment needs of the juvenile, respectively. The trial court's order of ongoing counseling, curfew and no contact provisions against specified persons directly addressed these factors.
 

 The trial court's order failed to address the two remaining Section 7B-2501(c) factors. Section 7B-2501(c)(1) and (4) require findings that address the seriousness of the offense and the culpability of the juvenile. The form order used here specifically instructs the trial court to list any additional findings regarding the Section 7B-2501(c) factors if they are not found elsewhere in the order or incorporated documents. The supplemental reports and assessments do not address these factors. Accordingly, the dispositional order is deficient, and we remand for further findings of fact to address the seriousness of the offense and the culpability of the juvenile.
 

 III.
 
 Improper Delegation of Authority
 

 Roy also contends the trial court impermissibly delegated its authority to the court counselor by not specifying with particularity
 
 *705
 
 probation conditions in the supplemental order. We disagree.
 

 A court exercising jurisdiction over a juvenile who has been adjudicated delinquent and for whom the dispositional chart in subsection (f) of this section prescribes a Level 1 disposition may provide for evaluation and treatment under G.S. 7B-2502 and for any of the dispositional alternatives contained in subdivisions (1) through (13) and (16) of G.S. 7B-2506.
 

 N.C. Gen. Stat. § 7B-2508(c) (2017). "[T]he court, and the court alone, must determine which dispositional alternatives to utilize with each delinquent juvenile."
 
 In re Hartsock
 
 ,
 
 158 N.C. App. 287
 
 , 292,
 
 580 S.E.2d 395
 
 , 399 (2003). "[A] judge could order certain dispositional alternatives apply upon the happening of a condition, since
 
 the court
 
 , and not another person or entity, would be exercising its discretion."
 

 Id.
 

 ;
 
 see also
 

 In re M.A.B.
 
 ,
 
 170 N.C. App. 192
 
 , 194-95,
 
 611 S.E.2d 886
 
 , 887-88 (2005) (holding the trial court did not improperly delegate its authority because the court itself exercised its discretion when ordering the juvenile " 'to cooperate and participate in a residential treatment program
 
 as directed
 
 by court counselor or mental health agency' ").
 

 In the case
 
 sub judice
 
 , the trial court did not improperly delegate its authority to a third party. The trial court applied the following community dispositions: (1) probation pursuant to Section 7B-2506(8) ; (2) counseling pursuant to Section 7B-2506(3) ; (3) community service pursuant to Section 7B-2506(6) ; (4) curfew pursuant to Section 7B-2506(10) ; and (5) no association with particular individuals or places pursuant to Section 7B-2506(11). The trial court selected community dispositions within the allowed subdivisions permitted by the Level 1 designation. Unlike
 
 Hartsock
 
 , here the trial court made the determination that these dispositions are appropriate and did not delegate decisions on whether to enforce them to a third party. Instead, the trial court directed the court counselor and parents to handle the day-to-day implementation of the particular probationary conditions. The trial court exercised its discretion in implementing probationary conditions, and therefore did not impermissibly delegate its authority.
 

 Finally, the trial court specified further conditions of Roy's probation in the supplemental order incorporated by reference, including the requirement to submit to random drug testing. However, within the supplemental order, the trial court made a clerical error specifying that the probation of twelve months was to terminate on August 10, 2016, instead of August 10, 2017. Accordingly, we remand for this clerical error to be corrected by the trial court.
 

 Conclusion
 

 For the foregoing reasons, we dismiss the issue regarding sufficiency of the evidence; affirm the adjudication order; affirm the probationary conditions; remand the dispositional order for further findings of fact; and remand for the correction of clerical errors in the adjudication and supplemental orders.
 

 DISMISSED IN PART, AFFIRMED IN PART, AND REMANDED IN PART.
 

 Chief Judge MCGEE and Judge DIETZ concur.
 

 [1]
 

 Pseudonyms are used throughout to protect the identity of the juveniles and for ease of reading.
 

 [2]
 

 "The allegations of a petition alleging the juvenile is delinquent shall be proved beyond a reasonable doubt. The allegations in a petition alleging undisciplined behavior shall be proved by clear and convincing evidence." N.C. Gen. Stat. § 7B-2409 (2017).
 

 [3]
 

 Specific Level 1 Community Dispositions were entered pursuant to N.C. Gen. Stat. § 7B-2506(3), (6), (8), (10), and (11).